No. 113.—ELIZABETH FORMBY, guardian, &c. plaintiff in error, vs. WILLIAM WOOD, guardian, defendant.

[1.] An appeal may be entered by a lunatic in a period of sanity.

Motion, in Floyd Superior Court. Decided by Judge TRIPPE, December Term, 1855.

This was a bill in Equity, filed by Elizabeth Formby, as guardian of Jackson Formby, against John M. Hunt.

At February Term, 1852, upon petition of the defendant, representing himself as a lunatic, William Wood was appointed his guardian *ad litem.*

At August Term, 1853, the Jury rendered a decree in favor of complainant, from which an appeal was entered by Hunt himself, by affidavit sworn to by himself.

At December Term, 1855, a motion was made to dismiss said appeal, on the ground that a guardian *ad litem,* having been regularly appointed to defend for defendant as a lunatic, no appeal could be entered except by said guardian.

The motion to dismiss was over-ruled by the Court, and complainant excepted to that decision.

ALEXANDER; WRIGHT & SHROPSHIRE, for plaintiff in error.

UNDERWOOD, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] If the appeal affidavit made by Hunt, was made during a lucid interval, the act was valid.

"All acts done during a *lucid interval*, are to be considered as those of a person perfectly capable of contracting, managing and disposing of his affairs at that period; and this rule applies to *wills* as well as contracts." (*Shelford Lunatics*, 289; *Hall vs. Warren*, 9 *Ves.* 610.)

The office of the guardian *ad litem*, in the case of the lunatic, as in that of the infant, expires with the cause of it.

This being so, the question is, was the affidavit of Hunt made during a period of sanity?

And we think that the *prima facie* presumption to be made is, that it was.

"The reason why feoffments of infants and persons *non compos mentis* are voidable only, proceeds from the solemnity of livery of seizin which was anciently contracted *coram paribus curtis*, who signed their attestation to the same, which the law presumed they would not have done had the incapacity of the party been apparent." (*Shelford Lunatics*, 255.)

Hunt's affidavit was made before a Judge of the Inferior Court, and it was received by the Clerk of the Superior Court. Is it to be presumed that this Judge would have administered the oath, or that this Clerk would have received it, if the man making it were insane? We think not.

Besides, some inference in favor of sanity may be drawn from the nature of the very act imputed as the act of an insane man—the affidavit. It requires, I think, a good deal of sense to go to the making of that affidavit. It does not appear that Hunt had any Counsel in the Act. (*Shelford Lunatics*, 290.)

We affirm the judgment of the Court below.