MARY TRAMMELL, ADM'X v. BENJAMIN SHROPSHIRE AND ANOTHER.

One of several co-plaintiffs, cannot litigate his rights, as against the other plaintiffs, to the money recovered in the suit, by a motion against the plaintiff's attorney for not paying over the same, under the summary proceeding provided by Art. 62, Hart. Dig.

Where such is the evident effect, or design of the motion, especially where the other plaintiffs in the suit are not made parties, the motion is rightly refused.

The benefits of Art. 62, Hart. Dig., providing a summary remedy against an attorney, for his failure to pay over money collected, extends as well to the case of an administrator, for whom, or for whose intestate, the attorney has collected money, which the administrator is entitled to receive, as to any other party.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

Motion by the appellant against the appellees, as attorneys at law, alleging that she was the administratrix of the estate of Nicholas Trammell, deceased; that the intestate, her deceased husband, employed the appellees, attorneys at law, to prosecute two suits in said court, (Gonzales District Court,) for certain slaves and their hire, one of which was styled No. 463, Nicholas Trammell, et al. v. Henry Trammell; and the other was styled No. 464, Nicholas Trammell, et al. v. Harrison Askey; both of which were filed January 1st, 1855. Judgments for the plaintiff, in each, in the District Court; and, on appeal, affirmed in the Supreme Court, in the year 1858. While pending in the Supreme Court, the plaintiff in said suits died, and said Mary Trammell, (appellant) administratrix of his estate, was made party plaintiff in the Supreme Court; the said affirmance was made whilst she was such party. On said judgments, execution issued on the —— day of ———, 1858, against the defendants and their securities, on which the sheriff collected and paid over to said attorneys, Shropshire and Tevis, the sum of four thousand one hundred and ninety dollars and eighty cents, which

they received as such attorneys, for the plaintiffs in said suits; that she had demanded of them said money, which they refused to pay to her, or any part thereof; that the property sued for in said two suits, and for which judgment was rendered, was the property of Nicholas Trammell, Jr., deceased, at the time of his death; and that Nicholas Trammell, deceased, the intestate of said Mary, (appellant) was the grand-father, and only surviving heir, of said Nicholas Trammell, Jr., deceased; that said Nicholas Trammell, Jr., deceased, died in Fayette county, Texas, in 1853, intestate, and in his minority; that there were several parties plaintiff in said two suits, (although, as above alleged, Nicholas Trammell, deceased, this petitioner's intestate, was the sole beneficiary in said judgments and executions, and of the money made thereon, as aforesaid;) and therefore said attorneys, Shropshire and Tevis, are at a loss as they allege, to know to which of the plaintiffs in said suits to pay over the money; that this is an amicable motion; and, therefore, prayer is made that said attorneys be adjudged and decreed to pay over to petitioner, the whole amount of said money so received by them; and in case this petitioner's intestate be not entitled to the whole, that then they be adjudged to pay over to the petitioner, such part as her said intestate was and is entitled to.

The parties defendant, agreed that all the foregoing allegations, contained in the motion, were true, except the allegation, that Nicholas Trammell, Sr., deceased, was sole heir of Nicholas Trammell, Jr., deceased.

The case was submitted to the court, on the above state of facts, and the motion was overruled, and judgment rendered accordingly, upon the ground, as stated in the statement of facts, "that an administrator could not make a motion against attorneys."

*Stewart*, for appellant.

*B. Shropshire*, for appellees.

WHEELER, CH. J. This was a proceeding under Article 62 of the Digest, providing a summary remedy against an attorney, who refuses to pay over money collected for his client.

We do not doubt that the benefit of this provision of the statute, extends as well to the case of an administrator, for whom, or for whose intestate, the attorney has collected money, which the administrator is entitled to receive, as to any other party for whom the attorney has collected money, which he refuses to pay over to the party entitled to receive it. But the evident effect of entertaining the present proceeding, if not its design, would have been to bring in litigation, the relative rights of the plaintiffs in the former suit, as between themselves, in this summary proceeding by one of them against their attorney; and that, too, without making the others parties to the proceeding. The appellant asserted an exclusive right, as against her co-plaintiffs, and sought to have the money collected adjudged to her, in that right. That she was not entitled to have that question adjudicated, under the summary remedy provided for the client against the attorney, is quite too clear for argument. . The judgment is affirmed; but this will not conclude the question of title, as between the plaintiffs, in any proceeding hereafter instituted, to determine their respective pretensions; nor will it conclude a proceeding by them, or on their joint behalf, against their attorney. The judgment is affirmed.

Judgment affirmed.