Gray vs. Conyers, administrator.

---

## GRAY vs. CONYERS, administrator.

1. So far as this case involves the questions decided when it was here before, it is *res adjudicata*. This includes the fact that rule in the superior court is the proper remedy against this attorney, and that his retention of this money either to secure his fees or to indemnify himself as surety of the administrator, with the assent and by the agreement of the latter, is no defence to the rule.

2. It was also held in the case cited that an arrangement between the former administrator and the attorney collecting money for the estate, whereby the latter, being also a surety on the bond of the former, should retain the money so collected, for his own security,

would not bind the administrator *de bonis non* appointed after the dismissal of the first administrator.

(a.) That such arrangement was recited by the heirs at law in a petition for the dismissal of the first administrator, would not bind the administrator *de bonis non*. No representation of the heirs at law, *in judicio* or otherwise, would bind the administrator *de bonis non*, he being no party to the proceeding, nor a privy thereto. He represents creditors as well as heirs, and the former cannot be concluded by admissions of the latter.

(b.) The judgment vacating the office of an administrator is distinct from the appointment of an administrator *de bonis non* to succeed him.

3. If an erroneous judgment be entered on a proper verdict, it furnishes no ground for a new trial, but should be reached by excepting to the judgment itself.

(a.) The Code makes twenty per cent the legal rate of interest on a sum collected by an attorney and not paid over, from the date of the demand by the client; therefore, where, on a rule, the verdict was for the amount, "with legal interest," a judgment for twenty per cent. was right.

4. The verdict is plain, and covers every issue.

5. The question of fees of the attorney was for the jury; they were disallowed as charges on the estate; and the finding was not contrary to law.

(a.) Where an attorney collects money, and refuses to pay over the same when demanded, without legal reason therefor, fees will hardly be allowed him for making such collection. Of the validity of his reasons the court and jury will determine on the trial.

April 10, 1883.

*Res adjudicata.* Attorney and Client. Administrators and Executors. Interest. Practice in Supreme Court. New Trial. Before Judge FAIN. Bartow Superior Court. July Term, 1882.

Conyers, administrator *de bonis non* of the estate of Felton, ruled Gray, as an attorney, for certain moneys alleged to have been collected by him on notes placed in his hands by Sumner, a former administrator of Felton's estate. The rule showed a written demand on Gray.

The answer admitted the collection of the money, and claimed that it was paid over to Sumner, except five per cent claimed as a fee for collecting the same, and $400.00

claimed to be due to defendant and A. Johnson, as attorneys, for services rendered to Sumner as administrator in cases brought against the latter in the court of ordinary, etc. Movant traversed the answer, and denied the right of the attorney to fees.

Pending the rule, plaintiff filed a bill praying a *ne exeat* against the defendant. The nature of the case and the rulings thereon will be found fully reported in 67 *Ga.*, 329.

It is unnecessary to set out in detail the conflicting evidence in support of the rule and answer.

The jury found the following verdict: "We, the jury, find for plaintiff three thousand and six $\frac{75}{100}$ dollars, four hundred dollars charged by Gray & Johnson, two hundred and twenty and $\frac{14}{100}$ dollars by Gray & Gray, and one hundred and eighty-eight dollars charged by Sumner, with legal interest."

Defendant moved for a new trial, on the following among other grounds:

(1.) Because the court charged, in effect, that the statements contained in a petition by the heirs at law of Felton for the removal of Sumner, as administrator, to the effect that he had loaned this money to Gray, were not evidence against the administrator *de bonis non.*

(2.) Because the verdict does not decide the issues made in the case.

(3.) Because the court entered judgment with interest at twenty per cent from the date of the written demand.

(4.) Because, since the verdict, defendant has tendered to the plaintiff the full amount which he admits to be due, and now tenders it, and says that he does not by the tender admit that he owes as attorney, but says that it is the amount and interest thereon deposited in his hands by Sumner. [The letter in which this tender was made asserted that Gray had settled with Sumner, administrator, but that prior to the revocation of Sumner's letters, he turned over to Gray $3,006.75 as the money of the estate of Felton, deceased, and requested that Gray, as one

of his bondsmen, would take the money and pay it out to
the parties legally entitled to it.   Gray thereupon offered
to pay this sum with seven per cent interest, also to pay
$200.00, being half of the Gray and Johnson fee, with
seven per cent interest thereon; asserting, however, that
by such offer he made no admissions as to his liability.
Conyers, administrator, replied to this tender that he
would receive the money and give a receipt for that
amount, without admitting anything further than the pay-
ment of so much money.   This Gray refused.]

The motion was overruled, and defendant excepted.

W. K. Moore; C. D. McCutchen; L. E. Bleckley, for
plaintiff in error.

J. B. Conyers; Graham & Foute, for defendant.

Jackson, Chief Justice.

This was the trial of a rule against the attorney em-
ployed by the former administrator upon an estate, brought
by the administrator *de bonis non* on the same estate, call-
ing upon the attorney to pay over funds in his hands be-
longing to the estate and collected by the attorney while
in the employment of the former administrator.

Under the ruling of the court, applied by the jury to
the facts proved, a verdict was rendered for the plaintiff
for the sum collected with twenty per cent damages per
annum from the time of demand on the attorney, and
refusal to pay said principal sum and interest to that date.

A new trial was refused, and the attorney excepted; and
assigns for error here the refusal of the new trial on vari-
ous grounds alleged in the motion therefor.

When analyzed, the legal grounds pressed before us
amount to these.   That rule is not the remedy at all;
that if the remedy, the court of ordinary and not the supe-
rior court would have jurisdiction to rule the attorney in
this case; that the plaintiff in error was the attorney not

of the estate, but of the former administrator; that hence
the relation ceased with the discharge of that administra-
tor; that allegations in the petition by the heirs at law to
discharge the former administrator and to appoint another,
on the ground that the former administrator had loaned
the money collected by this attorney to the attorney him-
self, or had confided it to him as surety on the adminis-
tration bond, bound the administrator *de bonis non* and
estopped him from ruling the attorney for the same money
as attorney at law; that since the verdict he, the attor-
ney, had tendered the principal and interest on the sum
collected, deducting fees, etc., and that a new trial should be
awarded, because the administrator *de bonis non* had re-
fused that tender; and that a new trial should be granted,
because the judgment was entered up for twenty per cent
damages.

1. This case was before us on a writ of error to a judg-
ment of the superior court, or rather the chancellor, deny-
ing the application by the administrator *de bonis non* for
a writ of *ne exeat* to restrain the attorney from leaving the
state pending this rule before the superior court. So that
many of the assignments of error now made and pressed
here were necessarily and really decided then. So far as
they were so ruled, the case, being between the same parties,
is *res adjudicata*. Necessarily to the grant of the *ne exeat* to
prevent the attorney from leaving the state pending this
same rule, it must have been held that he could be ruled
for it that rule was the remedy that rule before the supe-
rior court was the proper particular remedy, that court
having jurisdiction; that the attorney was the attorney of
the estate, and liable to its representative on a rule 'or the
money collected for it. and that it could not be retained,
either to force fees out of the estate, or to hold it as secu-
rity to indemnify the attorney for any losses he might
sustain as surety for the former administrator. See
67 *Ga.*, p. 329. There it is distinctly ruled that, though
"the attorney was also one of the sureties of the

former administrator, and having been ruled by the administrator *de bonis non* for the money, answered that he had offered to pay it if his fees and those of associate counsel employed by the former administrator were allowed, and that he no longer held the money as an attorney, but to save himself as surety on the bond, he having paid the money to the former administrator who returned it to him for that purpose." Yet, notwithstanding these facts, it was ruled that, " the respondent ought to pay the money collected for the estate to him whom the law clothed with authority to receive it. His reasons for refusing to pay are not all sound in law. If, as he claims, some few hundred dollars' worth of fees are due him, * * * the extent to which equity will permit him to go is to retain enough to pay those fees, but surely he should not keep the several thousands he has of the money collected for this estate, in order to force it to a settlement of his fees," etc. "Nor will it allow him," the court goes on to say, " to retain the funds of the estate collected by him in order to indemnify himself as surety of the administrator, whether the former administrator, whose surety he was, agreed that he might do so or not," etc.

Further on the court go on to say that these defences are a " thin veil," and they are distinctly held to be untenable as defences to the rule,—this identical rule then pending for trial, and which has been tried, and is here now on a motion for a new trial.

So that the points, that a rule before the superior court is a legal remedy to get this money from this attorney, and that his retention of it, either to secure his fees or to indemnify himself as surety of the administrator, with his assent and by his agreement, is no defence to the rule, are expressly adjudicated in a case between these same parties and on this same subject-matter, and must be *res adjudicata*, if anything can be.

2. The point, too, that the recitals in the petition of the heirs at law, of such an agreement between the attorney

and the former administrator would bind the present administrator *de bonis non*, must fall for the same reason. This court held in this case, when here before, that such an arrangement would not be a valid defence to the rule. If not a defence to the rule, *cui bono* is the evidence of it either admissible, or sound and valid when admitted? But if a new question, we should hold that no representation of the heirs at law, *in judicio* or otherwise, would bind the administrator *de bonis non*, for the simple reason that he is no party to the proceeding, nor is he privy to it. He represents creditors as well as heirs. Are the creditors concluded by admissions of the heirs at law? . No more is their representative. True, his appointment could not have been made if the place had not been vacated, but the judgment vacating the office is distinct from that filling it when vacated; and the reasons given or recitals made for the purpose of vacating it are equally distinct from the judgment filling the vacated office, and the reasons or recitals or qualifications of the new appointee which caused his appointment. The one caused the appointment of a particular person; the other made a place vacant to be filled by anybody.

3. The judgment for twenty per cent. damages is no ground for setting aside the verdict and granting a new trial on the facts. It is no exception to the verdict, but to the judgment, as illegal in not being authorized by it. It is incorporated in the motion for a new trial as one of the amendments thereto, and it is not a motion in arrest of the judgment. But if it were, we see no error in it. The Code explicitly makes that rate the legal interest from the demand by the client, and the verdict gives the legal interest. Code, §3950; 14 *Ga.*, 584.

4. The verdict is plain and covers every issue.

5. The question of the allowance of fees was for the jury. They were disallowed as charges upon the estate. We cannot say that it was contrary to law to disallow them as such charges. Fees to collect money by counsel are

hardly payable, if the money be not paid over when collected and demanded, without legal reasons therefor; and of the validity of those reasons the court and jury will determine on the trial, upon the law and facts of the case. It will do the client little good to collect and not pay over. To force him to litigate to get the money from his lawyers is to make him incur fees to other lawyers, and he ought not to pay both.

These principles cover the issues made by the motion for a new trial, and the errors assigned here thereon.

The result may bear hardly on the counsel of the former administrator, but the counsel must look to that administrator personally for remuneration for services rendered for his personal benefit. The estate ought not to pay for services to an administrator to prevent his removal, or for advice which led to that result, or for money collected which it was forced to litigate in order to realize.

Taking the whole case together, and applying to the facts the principles of law ruled in the *ne exeat* between the same parties, and the principles equally clear which apply to points not then ruled, we do not see such errors as will authorize this court to set aside the verdict approved by the presiding judge and to award a new trial on the facts.

Judgment affirmed.

Cited for plaintiff in error : 1 Har. & Wol., 310; 3 Adol. & El., 129 , 22 Tex., 327. Code, §§417, 3627, 2537; Weeks on Attorneys, 143 *et seq.*; 5 *Ga.*, 56; 6 *Ib.*, 432; 9 *Ib.*, 150 ; 57 *Ib.*, 528; Code, §§2543, 1889, 406, 1253; Greenleaf Ev., 41; 19 *Ga.*, 582; 54 *Ib.*, 508.

For defendant : 11 *Ga.*, 331; 58 *Ib.*, 221; 5 Denio, 640; Weeks on Attorneys, 268; 1 Sug. on Pow., 214; 2 Wms. Exrs., 906; 1 Story Eq., 296; 47 *Ga.*, 73; 4 Russel, 272; 47 Tex., 130; 26 Conn., 213; 11 Wall., 484; 4 Barn. & Ald., 47; Weeks, 94; 24 *Ga.*, 561; 57 *Ib.*, 313; 64 *Ib.*, 205.