19622.  ATLANTIC COAST LINE RAILROAD COMPANY *v.* ATKINS DAIRY COMPANY.

STEPHENS, J.  1. In a suit against a railroad company to recover for damage to the plaintiff's land, alleged to have been caused by the defendant's trespassing upon the land and denuding a strip of it of the trees growing thereon, and by laying a road-bed on this strip and packing it with cinders, thereby affecting the drainage of the land, and destroying the value of the strip of land, to the plaintiff's damage in the value of the trees, and in the depreciation in the market value of the land in alleged amounts; the petition sets out a cause of action and is good against general and special demurrers, where it alleges the number, description, and value of the trees cut, and the condition of the land after the trespass, as respects the nature and character and dimensions

of the strip of land containing the road-bed, and the existence of pools of water standing on the land, and the condition generally of the land after the alleged acts of trespass by the defendant, and the amount of depreciation in its value by reason of the trespass.

2. Upon the trial of such a case where there is presented an issue as to the decreased market value of the land, testimony that the land was valued at $10,000 and that the acts alleged as constituting a trespass "reduced the market value of the land" and that the witness considers the damage to the land as being $2500 is testimony as to the difference between the value of the land before and after the commission of the trespass. While a witness is not competent to testify as to his opinion as to the market value of property unless he has had an opportunity to form a correct opinion as to the value, yet, since a witness presumably testifies from his own knowledge, where a witness testified as to his opinion as to the amount of the diminution in value of a particular tract of land, where it did not appear that he had not had an opportunity to form a correct opinion as to the value, and where his testimony was admitted without objection based upon the ground that it did not appear that the witness had had an opportunity to form a correct opinion, the witness presumably spoke from his knowledge of the value of the land. Where it appears from the evidence that the witness who testified as to the diminution in value of a particular tract of land was one of the owners of the land, and where it further appears that he was acquainted with the nature and details of the acts alleged to constitute a trespass upon the land, it is inferable that he possessed sufficient knowledge of the land, both before and after the trespass, to enable him to give an intelligent and correct opinion as to the diminution in the market value of the land by reason of the trespass.

3. Where the court charged the jury that the plaintiff, in seeking to recover $2500, was seeking to recover "general damages," and where this amount represented the amount alleged in the petition as being the diminution in the value of the land as a result of the alleged acts of trespass, and where the court charged that "general damages are such as the law presumes to flow from any tortious act and may be recovered without proof of any amount," and that "the amount of both general and special damages, if the jury should find that special damages are recoverable, should not exceed the amount sued for in the case," the charge in which the court instructed the jury that general damages could be recovered "without proof of any amount" was error, in that it was tantamount to an instruction to the jury that the plaintiff could recover an amount representing the diminution in the value of the land as a result of the alleged acts of trespass, without proof of any facts indicating the diminution.

4. The court properly overruled the demurrers, but by reason of the error indicated above, erred in overruling the defendant's motion for a new trial.

5. The evidence being sufficient to authorize a recovery in the amount of $100 as representing the value of the trees which it is alleged the defendant had cut from the plaintiff's land, and since the error in the

charge, indicated above, with reference to the plaintiff's right to recover as damages a sum representing the diminution in the value of the land could not have influenced the verdict prejudicially to the defendant in so far as it contains a finding for the plaintiff in the sum of $100. The verdict and judgment being for the plaintiff in the sum of $575, the judgment overruling the defendant's motion for a new trial is affirmed, on condition that the plaintiff, should it elect to do so, write off from the verdict $475, which is the excess over $100, and, upon the plaintiff's failure to do so before the judgment of this court is made the judgment of the trial court, the judgment will be reversed.

*Judgment affirmed, on condition. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 27, 1930.

*Lawrence & Abrahams, Edwin A. Cohen,* for plaintiff in error. *W. F. Slater, David S. Atkinson,* contra.