### 23541. NALLEY LAND & INVESTMENT COMPANY *v.* STATE HIGHWAY BOARD OF GEORGIA.

JENKINS, P. J. 1. "Continuances for providential causes are not to be charged against either party." But where a continuance on account of the illness of the attorney for the defendant was charged against the defendant and the case "put on terms," the defendant must have brought proper and timely exceptions in order to attack the decision. *Printup* v. *Mitchell,* 19 *Ga.* 586 (2), 588 (63 Am. D. 258). Consequently, not having filed such exceptions, the defendant, who at a subsequent term again moved for a continuance for the same cause, can not complain, under its exceptions to the denial of the second motion for continuance, that the court had illegally charged the previous continuance against it. No abuse of the discretion vested in the trial judge appears, although the refusal was based upon the grant of the previous continuance; especially since there was no compliance with the requirements of the Civil Code (1910), § 5718, that the party applying for the continuance should swear that he could not safely go to trial without the services of such counsel, expected his services at the next term, and that the application was not made for delay only, and since it further appears from the certificate of the judge and the record that the defendant was represented in the trial by other able counsel, who tried the case for the defendant's attorney. *Lamar* v. *McDaniel,* 78 *Ga.* 547 (2) (3 S. E. 409); *Wright* v. *State,* 18 *Ga.* 383; *Manion* v. *Varn,* 152 *Ga.* 654 (6) (111 S. E. 30); *Cotton States Life Ins. Co.* v. *Edwards,* 74 *Ga.* 220; *Rawlins* v. *State,* 124 *Ga.* 31 (19) (52 S. E. 1); *Lambert Hoisting Engine Co.* v. *Bray,* 127 *Ga.* 452, 453 (56 S. E. 513); *Dale* v. *Beasley,* 141 *Ga.* 594 (81 S. E. 849); *Hilton* v. *Haynes,* 147 *Ga.* 725 (2), 726 (95 S. E. 219).

2. The inclusion in a judgment of erroneous matter extraneous to the verdict is not a proper ground in a motion for a new trial. *Gray* v. *Conyers,* 70 *Ga.* 349; *Bullock* v. *Dunbar,* 114 *Ga.* 754 (40 S. E. 783); *Loudon* v. *Coleman,* 62 *Ga.* 146; *Berry* v. *Clark,* 117 *Ga.* 964 (4) (44 S. E. 824). Such an alleged illegal part of the instant judgment in favor of the Highway Board and against the defendant, on an appeal to the superior court from an award of appraisers in condemnation proceedings, was not subject to this method of attack.

3. The jury returned the following verdict: "We the jury find as follows: 1. The value of the land actually taken and used for the right of way is $125. 2. The consequential damages to the land is $———. 3. The consequential benefits to the land not taken is $———. We find that State Highway Board pay Nalley Land and Investment Co. the sum

of $125." Exception is taken by the company to this verdict as illegal, because it failed to state any amounts, in the form as furnished by the court at the instance of the Highway Board, to cover consequential damages and consequential benefits to the land not taken. The particular form of the verdict on such an appeal from an award of appraisers is not prescribed by statute. Section 5228 of the Civil Code merely requires the judge "to cause an issue to be made and tried by a jury as to the value of the property taken or the amount of damage done." Assuming that the procedure in the instant case was proper in submitting to the jury a form similar to the finding of assessors under sections 5225 and 5226 (see *Darien R. Co.* v. *McKay*, 132 *Ga.* 672, 54 S. E. 785; *Atlantic Coast Line R. Co.* v. *Postal Tel. Co.*, 120 *Ga.* 268, 48 S. E. 15, 1 Ann. Cas. 734), there being no exception to such procedure, the jury under these circumstances, like the appraisers, had the right under section 5225, if the evidence so authorized, to offset any consequential damages to the "property not taken" with the "consequential benefits," and to find the difference, if any, in favor of the property owner, but to award nothing for such damages if the "consequential benefits" equalled or exceeded the "consequential damages." Accordingly, the evidence in this case, although conflicting, authorizing a finding that there was no consequential damage, the omission of such an item was proper, and for this reason, no consequential benefit being recoverable, it was proper to leave that item blank. Furthermore, if, as the jury were entitled to find, the defendant suffered consequential damages, but received consequential benefits equal to or exceeding such damages, no prejudicial error is shown in the failure to state in the blank spaces the amounts of either of the items. Such omission may be taken as tantamount to an offset of the amounts.

4. The instruction to the jury that, "in arriving at the market value of the land [taken for the highway], you will take into consideration the value of the land at normal times, not at abnormal times," if inaccurate in failing to base the market value upon such value at the time of the taking and condemnation, was not injurious to the owner, since the trial occurred on March 20, 1933, when, as intimated by the witnesses, the cash values of land were at low ebb, they testifying that the amounts stated by them would be the "reasonable market value" if "times were better," and that the land would be worth that much "in normal times."

5. The court did not err in submitting to the jury the element of consequential damage to the property not taken, in substantially the language of sections 5225 and 5226 of the Civil Code. Nor is the charge relative to consequential damages and benefits subject to the criticism that it submitted an incorrect rule of law, or expressed an opinion as to what had been proved and took away from the jury the prerogative of passing upon questions of fact. A new trial was properly refused.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 18, 1934.

*Lawton Nalley,* for plaintiff in error.
*Astor Merritt, R. H. Hutcheson,* contra.