### 32085. STATE HIGHWAY BOARD OF GEORGIA v. COLEMAN et al.

DECIDED NOVEMBER 18, 1948.

*Dawson Kea,* for plaintiff.

*Lester F. Watson,* for defendants.

MacIntyre, P. J. The State Highway Board of Georgia filed condemnation proceedings against the defendants in error, Dr. A. T. Coleman and Mrs. Blanche D. Coleman, his wife, on October 28, 1944, for the condemnation of a small triangular strip of land on the front side of their residence lot in order to widen the public highway passing in front thereof. Following a rule nisi and the hearing thereon, the Superior Court of Laurens County condemned the property and ordered the issue of damages to be tried before a jury. Upon the trial of the issue, verdict and judgment of $250 for the value of the land taken and of $500 for consequential damages to the adjoining residence property were awarded to the defendants. The State Highway Board filed a motion for a new trial, which was overruled, to which judgment it excepted.

1. The plaintiff in error assigns error on the charge of the court, as follows: "Prospective and consequential damages resulting therefrom may also be taken into consideration, if the same are plain and appreciable; and on the other hand, the increase of the value of the land from the proposed public improvement may be considered, but in no case shall the owner be deprived of the actual damages by such estimated increase." It is argued that the word "prospective" is synonymous with "speculative, remote, and imaginary" damages which are not recoverable; and that the words, "but in no case shall the owner be deprived of the actual damages by such estimated increase", were misleading, confusing and argumentative in that the judge did not explain or define to the jury the difference between actual and consequential damages.

Prospective damages are defined in Black's Law Dictionary as "Damages which are expected to follow from the act or state of facts made the basis of a plaintiff's suit; damages which have not yet accrued, at the time of the trial, but which in the nature of things, must necessarily, or most probably, result from the acts or facts complained of." It is settled that prospective value for any purpose may be considered in determining the value of

land taken under condemnation proceedings. *Ga. Power Co.* v. *Carson,* 46 *Ga. App.* 613 (4) (167 S. E. 902).

In addition to the charge complained of the judge charged as follows: "Your duty in this case would be to assess the value of the property taken, that is, property actually used or damage done, and to also assess the consequential damages to the property not taken and to deduct from such consequential damages the consequential benefits to be derived by the owner from the operation of the Public Highway, provided the consequential benefits assessed shall in no case exceed the consequential damages assessed; and provided further that nothing in this section shall be construed as to deprive the owners of the actual value of their property so taken or used. In estimating the value of land when taken for public uses, it is not restricted to its agricultural or productive qualities, but inquiry may be made as to all other legitimate purposes to which the property could be appropriated." Then followed the charge assigned as erroneous. Such charge as a whole is substantially in the language of Code §§ 36-504, 36-505, 36-506, and is not error. *Nalley Land & Investment Co.* v. *State Highway Board,* 49 *Ga. App.* 258, 259 (5) (175 S. E. 269).

The judge also charged: "The damages recoverable under the provisions of the Constitution and laws of Georgia are for substantial injury to private property, real damage affecting the market value, and not speculative or imaginary damage affecting only the natural beauties of the property. In a condemnation proceeding, compensation for remote and speculative or merely possible damage to the remainder of a tract of land adjacent to that actually taken by condemnation is not recoverable."

Considered as a whole the charge of the court on the subject of damages, actual and consequential, restricted the word "prospective" as found in the Code, to include only those damages which were certain to accrue, and was sufficiently clear on the distinction between actual and consequential damages as to enable the jury to understand the meaning of the words and render an unmistakably intelligible verdict. No timely written request to charge more explicitly on the distinction between actual and consequential damages being shown, the objection raised presents no ground for reversal.

2. Special ground four objects that testimony of witness L. D. Woods, sworn for the plaintiff, was erroneously admitted by the court, because plaintiff's counsel had already objected to all the evidence fixing consequential damages in a fixed amount without fixing the market value of the property immediately before the condemnation. The testimony objected to was as follows: "I would say the difference in the value of Dr. Coleman's whole lot before it was touched by the State Highway Board and afterwards, would be $2,500."

The evidence thus objected to and assigned as error was not only admitted without objection, but also was re-elicited from the same witness upon redirect examination by counsel for the plaintiff. It is elementary that evidence not objected to, even though it would not have been admitted, forms no ground for a new trial. *Taylor* v. *State,* 44 *Ga. App.* 821 (2) (163 S. E. 271). And in addition, though the admission of evidence over objection may be erroneous, it does not require a reversal where other evidence to the same effect is introduced without objection. *Milam* v. *Lewis,* 47 *Ga. App.* 376, 377 (3) (170 S. E. 404).

3. The measure of the consequential damages to adjoining property as a result of the condemnation of land for public purposes is the diminution of the value of the adjoining property measured by the difference between the fair market value of the property immediately before the condemnation and immediately after the condemnation. It is error to admit evidence of the diminution in value of the adjoining property without evidence of the fair market value before the condemnation for such evidence is a mere conclusion of the witness without foundations of fact for the consideration of the jury. *Elbert County* v. *Swift,* 2 *Ga. App.* 47 (58 S. E. 396). However, after a witness has given his opinion of the value of land which it is claimed would be subject to consequential damages by reason of condemning another part of the tract, and has stated that the structure created by the condemnor caused injury to the balance of the land, there is no error in permitting him to give his opinion as to the diminution in the value of the land. *Central Georgia Power Co.* v. *Stone,* 139 *Ga.* 416 (1) (77 S. E. 565) ; see also *Central Georgia Power Co.* v. *Mays,* 137 *Ga.* 120 (6) (72 S. E. 900) ; *Atlantic*

*Coast Line R. Co.* v. *Atkins Dairy Co.,* 41 *Ga. App.* 212, 213 (2) (152 S. E. 303).

Considering the evidence as a whole, there was testimony as to the value of the land in question, and there was testimony as to the diminution in value after the condemnation, neither being both properly objected to and made a ground for a new trial. In addition, the owner of the property, Dr. Coleman, testified as to the value of the property and the diminution in value after the condemnation. He had first-hand information, by virtue of his intimate acquaintance with the property, and was qualified to express his opinion of the values involved; and the jury very obviously gave to his opinion the weight to which it was entitled. (Dr. Coleman testified that the diminution in value was $10,000. The jury gave a verdict for $500.) Therefore there was sufficient evidence of some probative value before the jury to authorize them to find both actual and consequential damages, neither of which was excessive in amount. The assignments of error not more specifically dealt with show no ground for reversal, and the trial court did not err in overruling the motion for a new trial on the grounds made.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*