·38320. GEORGIA POWER COMPANY v. FAULK *et al.*

DECIDED JULY 12, 1960.

142

*Miller, Miller & Miller,* for plaintiff in error.

*Will Ed Smith,* contra.

FELTON, Chief Judge. ■ Special ground 1(a) assigns error on the following instructions to the jury: "Where private property is taken, or sought to be taken, for public use, the owner is entitled to compensation for its whole, and not for any particular purpose, but for all purposes to which it is, may, or could be appropriated." It is contended that this charge is not correct as an abstract principle of law; that it authorized the jury to find double damages for the condemnees and to accumulate the values for various purposes to which the land could be devoted in arriving at the verdict. In an early decision, *Harrison v. Young,* 9 Ga. 359, the Supreme Court considered questions relating to the value of land taken for public use. In Division 4 of its opinion the court stated: "When land or any other property is taken for public use, the owner is entitled to compensation for its whole value—not for this or that particular object, but for all purposes to which it may be appropriated." The language of the headnote covering this division was adopted in the Code of 1863 and continues today as in *Code* § 36-505. The above-quoted principle was restated in *Atlantic Coast Line R. Co. v. Postal Telegraph-Cable Co.,* 120 Ga. 268, 281 (48 S. E. 15, 1 Ann. Cas. 734) in the following language: "Where private property is taken for public use, as by condemnation by a railroad company, the owner is entitled to compensation for its whole value; not for any particular object, but for all purposes to which it may be appropriated." See also in this connection *Willcox v. State Highway Board,* 38 Ga. App. 373 (144 S. E. 214).

While it is apparent that the charge complained of did not

contain a fully accurate statement of this well-established principle, we fail to see that it was prejudicial to the condemnor, particularly in view of this additional instruction to the jury: "In estimating the value of property taken for public use, it is the market value of the property which is to be considered. The market value of property is the price which it will bring when it is offered for sale by one who desires, but is not obliged to sell it, and is bought by one who is under no necessity of having it. In estimating its value all the capabilities of the property, and all the uses to which it may be applied or for which it is adapted, are to be considered, and not merely the condition it is in at the time and the use to which it has been applied by the owner. All the facts as to the condition of the property and its surroundings, its improvements and capabilities, may be shown and considered in estimating its value." The writer, speaking for himself alone, is of the opinion that this latter instruction is the charge that should be given in such cases and that the one complained of should be omitted because it tends to confuse the question of the manner in which market value is ascertained. Of course, we believe that both charges are intended to mean the same thing. The latter is clear and unambiguous. However, there is no possible construction of the evidence which sustained the condemnor's claim that the jury might have added up the values of the land for various uses in arriving at its verdict. The instruction complained of was not prejudicial, even though it was technically erroneous, and there is no merit in this ground of the amended motion for a new trial.

■ Special ground 1(b) assigns error on the last sentence of the following charge: "The burden is upon Georgia Power Company in the first instance in this case to prove to you the compensation to which the condemnee is entitled in this matter. However, the burden is upon the condemnee to prove his contention as to his claim for compensation in this case. In other words, gentlemen of the jury, the preponderance of the evidence is upon the plaintiff to prove their claims of the property, what they owe for the property and what they are willing to pay for the property. And the preponderance of course, is

upon the condemnees, the defendants in the case, to prove the value of the property and what it is worth to them, under the rules of law I will give you in charge, and have already given you in charge." It is contended that this charge is incorrect as an abstract principle of law because it permitted the jury to consider elements of damages not authorized by law to arrive at their verdict on an illegal basis. We first observe that this instruction when taken in context relates solely to the supposed burden of proof on the part of the condemnees and that it makes specific reference to other rules of law given in the charge for a determination of the question of value of the property. There being no contention that this instruction as it relates to burden of proof is prejudicially erroneous as to the condemnor, this ground is without merit.

■ Special ground 2 assigns error on the admission of the testimony of Graydon Rogers, a witness for the condemnees, to the effect that condemnation of the easement had damaged the remainder of the farm by $25 an acre, over the objection that this was a conclusion of the witness and was an ultimate fact for determination by the jury. It is true that no proper foundation had been laid for the admission of this evidence and that the objection was well taken at the time it was made and overruled. However, the record reveals the following testimony on cross-examination: "Q. Mr. Rogers, I believe that your testimony is, correct me if I am mistaken, that this power line that we are talking about has damaged the balance of Mr. Faulk's farm, which comprises of about 390 acres, $25 an acre, is that what you are saying? A. I said $25 per acre for the rest of the remainder. Q. And how many acres remaining do you have in mind when you say that? A. 400 acres. Q. Does the 400 include the 9.5 that's in the easement? A. No, I wasn't including the 9, I was deducting that out of it. . . Q. What do you think the whole farm is worth? A. I think it's worth $100 an acre and you take the whole farm in consideration in '56 when that line went through there, I say it's worth $100 an acre, take the whole farm, every bit."

"It is error to admit evidence of the diminution in value of the adjoining property without evidence of the fair market

value before the condemnation for such evidence is a mere conclusion of the witness without foundations of fact for the consideration of the jury. [Citation]. However, after a witness has given his opinion of the value of land which it is claimed would be subject to consequential damages by reason of condemning another part of the tract, and has stated that the structure created by the condemnor caused injury to the balance of the land, there is no error in permitting him to give his opinion as to the diminution in the value of the land." *State Highway Board v. Coleman*, 78 Ga. App. 54, 57 (3) (50 S. E. 2d 262), and cit. The testimony of this witness, when taken as a whole, comes within this rule and any error in the admission of the evidence complained of was rendered harmless by the facts elicited on cross-examination under the facts of this case. "When testimony is improperly admitted at the stage of the trial when it goes to the jury, subsequent proof, which renders its admission proper, cures any error in its prior admission." *Wall v. State*, 153 Ga. 309 (3) (112 S. E. 142). This special ground is therefore without merit.

■ The general grounds of the motion for a new trial are abandoned. The court did not err in overruling the amended motion for new trial.

*Judgment affirmed. Nichols and Bell, JJ., concur.*