A91A1438. M. K. DEVELOPERS, INC. v. McCALL et al.
(414 SE2d 260)

CARLEY, Presiding Judge.

Appellee-plaintiffs brought suit, alleging that their real property had been damaged by acts which had been performed by appellant-defendant in connection with the repair of sewer pipes. The case was tried before a jury and a verdict awarding appellees compensatory damages and OCGA § 13-6-11 attorney's fees was returned. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

1. Appellant moved for a directed verdict as to liability, urging that there was no evidence that the acts which had resulted in the damage to appellees' realty had been performed by appellant or its agents. The denial of this motion is enumerated as error.

In material part, appellees' complaint had alleged that their real property had been damaged because "[appellant] placed a pipe within the banks of [appellees'] creek and covered said pipe with fill dirt." In appellant's original answer, this allegation that the work had been *performed by it* was admitted. "This admission was sufficient to support the verdict and judgment." *Buck Creek Indus. v. Green*, 237 Ga. 699 (229 SE2d 454) (1976). Although appellant was subsequently permitted to amend its answer to deny this allegation and it urged at trial that the work had been performed by independent contractors, the rule that an admission by a party opponent is evidence upon which a verdict may be based "applies to admissions in pleadings which, after having been withdrawn or stricken by the pleader, are introduced in evidence by the opposite party. [Cits.]" *Lucas v. Continental Cas. Co.*, 120 Ga. App. 457 (1) (170 SE2d 856) (1969). See also *Joyner v. William J. Butler, Inc.*, 143 Ga. App. 219, 220 (3) (237 SE2d 685) (1977); *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980); *Strozier v. Simmons U. S. A. Corp.*, 192 Ga. App. 601, 603 (385 SE2d 677) (1989). Accordingly, the trial court correctly denied appellant's motion for a directed verdict as to liability.

2. Appellant also moved for a directed verdict on the ground that there was no evidence from which the jury could properly determine damages. The denial of this motion is enumerated as error.

Appellant urges that the correct measure of damages is the difference in the market value of appellees' real property before and after the injury thereto. Assuming, without deciding, that the diminution in market value would be the applicable measure of damages in this case, the record demonstrates the existence of sufficient evidence to withstand appellant's motion for a directed verdict. Although appellees' *expert* appraiser did not expressly state his opinion as to the market value after the injury, he did state, *without objection*, his opinion as to the market value *before* the injury *and* the *diminution* thereof, in terms of percentage and dollar amount. See *Atlantic Coast Line R. Co. v. Atkins Dairy Co.*, 41 Ga. App. 212, 213 (2) (152 SE 303) (1930). See also *State Hwy. Bd. of Ga. v. Coleman*, 78 Ga. App. 54, 57-58 (2, 3) (50 SE2d 262) (1948); *Georgia Power Co. v. Faulk*, 102 Ga. App. 141, 144-145 (3) (115 SE2d 733) (1960). Compare *Miller v. Luckey*, 132 Ga. 581, 583 (2) (64 SE 658) (1909); *Elbert County v. Swift*, 2 Ga. App. 47 (1) (58 SE 396) (1907). "In order to sustain the grant of a directed verdict based on a failure of proof of damages, '(t)here must be a complete absence of any competent evidence on this issue. (Cit.)' [Cit.] . . . It follows that the trial court did not err

in overruling appellant's motion for directed verdict on this issue. [Cit.]" *Georgia Farm Bur. Mut. Ins. Co. v. Arnold*, 175 Ga. App. 850, 852 (2) (334 SE2d 733) (1985). See also *Smith v. Gen. Fin. Corp. of Ga.*, 143 Ga. App. 390, 391 (1) (238 SE2d 694) (1977).

3. Appellant also enumerates as error the denial of its motion for directed verdict as to attorney's fees.

There is no evidence of appellant's bad faith in the transaction out of which appellees' claim arose. It is uncontroverted that appellant's actions were undertaken in a good faith attempt to fulfill its responsibility for making repairs to the sewer pipes, that the plans therefor were approved by the county, and that the sewer pipes were not intentionally placed so as to cause damage to appellees' property. See *General Refractories Co. v. Rogers*, 240 Ga. 228, 234 (2) (239 SE2d 795) (1977); *Georgia R. & Banking Co. v. Gardner*, 118 Ga. 723 (2) (45 SE 600) (1903); *C. W. Matthews Contracting Co. v. Wells*, 147 Ga. App. 457, 459 (2) (249 SE2d 281) (1978). Moreover, the record demonstrates the existence of a genuine controversy over appellant's liability for the acts of workmen who might have been independent contractors rather than servants for whose acts appellant would be vicariously liable. This genuine controversy would preclude an award of attorney's fees based on the grounds of stubborn litigiousness or causing unnecessary trouble and expense. See *Carter v. Allstate Ins. Co.*, 197 Ga. App. 738, 743 (4) (399 SE2d 500) (1990). See generally *Backus Cadillac-Pontiac v. Brown*, 185 Ga. App. 746 (1) (365 SE2d 540) (1988).

*Judgment affirmed in part and reversed in part. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 25, 1991 —
RECONSIDERATION DENIED DECEMBER 10, 1991 — ▮▮▮▮▮

*Moore & Rogers, John H. Moore, Eldon L. Basham*, for appellant.

*McLain & Merritt, Albert J. Decusati*, for appellees.