A92A2237. AAA PEST CONTROL, INC. et al. v. MURRAY.
(428 SE2d 657)

CARLEY, Presiding Judge.

Appellee-plaintiff's deceased husband and appellant-defendant Patrick Sizemore each owned one-half of the shares of appellant-defendant close corporation AAA Pest Control, Inc. (AAA). After the death of her husband, appellee brought the instant action to recover one-half of the value of AAA as provided in a buy-out agreement. Pursuant to OCGA § 9-7-1 et seq., the case was heard by an auditor. The auditor submitted his report, to which Sizemore and AAA filed timely exceptions of law under OCGA § 9-7-15. Pursuant to OCGA § 9-7-16, the trial court overruled the exceptions and, pursuant to OCGA § 9-7-21 (b), entered judgment in accordance with the auditor's report. Sizemore and AAA appeal from this judgment of the trial court.

1. Appellee's late husband and Sizemore had agreed that, in the event of the "death . . . of either . . ., the ownership of the corporate vehicle driven by [the deceased shall] be transferred to . . . his estate for said value of one dollar ($1.00)." Pursuant to this clear and unambiguous agreement, the auditor correctly found that the value to AAA of the corporate vehicle that was being used by appellee's husband at the time of his death was $1. Since the automobile had an agreed value of only $1, the transfer of the automobile to appellee reduced the remaining value of AAA by only that amount.

2. A joint and several judgment had been rendered against AAA and Sizemore in a tort action. With regard to this joint and several judgment, the auditor found that "Sizemore was as much liable . . . as AAA. Had the judgment been rendered solely against AAA and not . . . Sizemore, then [appellee], through her deceased husband's stock ownership of AAA, should bear a portion of the judgment. . . . [T]he judgment has no bearing on the value of AAA. . . ."

This constitutes an erroneous conclusion of law. "It will not be disputed that all who join in the commission of a wrong resulting in injury are jointly and severally liable for *the entire damage sustained*, without regard to the degree of culpability of each. [Cits.]" (Emphasis supplied.) *Eidson v. Maddox*, 195 Ga. 641, 644 (24 SE2d 895) (1943). Accordingly, the *full* amount of the joint and several judgment was a liability for *both* AAA and Sizemore. As between

AAA and Sizemore, either would have a right of contribution against the other if they were joint tortfeasors. OCGA § 51-12-32. "[T]he right of contribution from a joint tortfeasor . . . is a substantive right. [Cit.]" *Hyde v. Klar*, 168 Ga. App. 64, 65 (308 SE2d 190) (1983). Thus, although Sizemore was "as much liable" as AAA on the joint and several judgment, AAA was "as much liable" as Sizemore thereon. It follows that the joint and several judgment *would* have bearing on the value of AAA. Thus, that joint and several judgment would constitute a liability of AAA in the full amount thereof, less AAA's right to contribution, if any, against Sizemore.

Appellee urges that it would be unfair for her to bear a portion of the joint and several judgment. However, it is AAA, not appellee, that is required to bear a portion of the judgment. As her late husband's widow, appellee is entitled to one-half of the value of AAA under the buy-out agreement. If the joint and several judgment represents a liability of AAA, it affects the underlying value of AAA and appellee's recovery under the buy-out agreement. It would be unfair for appellee to recover one-half of the value of AAA which was not otherwise diminished by the amount of a legal liability of AAA. The trial court erred in overruling the meritorious exception to the auditor's erroneous legal conclusion regarding the joint and several judgment.

3. The auditor found that there was no bad faith and that a bona fide controversy existed. Nevertheless, the auditor found that appellee was entitled to an award of attorney's fees pursuant to OCGA § 13-6-11. The trial court's failure to sustain the exception to this legal conclusion of the auditor is enumerated as error.

In the absence of a finding of bad faith, the existence of a "genuine controversy would preclude an award of attorney's fees based on the grounds of stubborn litigiousness or causing unnecessary trouble and expense. [Cits.]" *M. K. Developers v. McCall*, 202 Ga. App. 224, 226 (3) (414 SE2d 260) (1991). Compare *Altamaha Convalescent Center v. Godwin*, 137 Ga. App. 394, 396 (2) (224 SE2d 76) (1976) (wherein there was "*nothing* in the record to show the [appellee's] claim against the [appellant] was *ever* disputed." (Emphasis supplied.) It follows that the trial court erred in overruling the meritorious exception to the auditor's erroneous award of attorney's fees.

*Judgment affirmed in part and reversed in part. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 5, 1993.

*Richard E. Miley*, for appellants.
*Fletcher, Harley & Fletcher, Leonard O. Fletcher, Jr.*, for appel-

lee.

