DECIDED AUGUST 2, 1994.

*Melissa M. Nelson*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, J. Mike McDaniel, Assistant District Attorneys*, for appellee.

A94A1208. GARNER v. BLAIR.<br>(448 SE2d 24)

BLACKBURN, Judge.

The appellee, Teresa Blair, brought the instant action against the appellant, Monroe Garner, based upon Garner's excavation of dirt from an embankment located on the boundary line of their adjoining property which resulted in the erosion of Blair's property. The trial court granted Blair's motion for partial summary judgment on the issue of liability, and the case proceeded to trial on the issues of damages and attorney fees. Following the jury trial, the trial court entered judgment on the jury's verdict in favor of Blair for $22,500 in damages and $5,000 in attorney fees. Garner's motion for new trial was denied by the trial court and this appeal followed.

1. Initially, Garner asserts the trial court erred in granting Blair's motion for partial summary judgment on the issue of liability. Specifically, Garner maintains that a previous owner of the property excavated the dirt and this prior excavation proximately caused the damage to Blair's property. It is undisputed that Garner did not respond to Blair's motion for summary judgment but unsuccessfully requested the trial court to reconsider its grant of the motion.

Pretermitting whether Garner has preserved this issue for appellate review, the evidence viewed in the light most favorable to Garner as a nonmovant shows Garner and his employees admittedly removed the dirt which resulted in the subsidence of dirt on Blair's property. In his response to interrogatories propounded by Blair, Garner indicated he and his employees removed dirt from the embankment during the summer of 1987. In addition, an engineer averred in an affidavit submitted in support of the motion that the erosion on Blair's property resulted from the excavation of the dirt. Under Georgia law, a landowner who makes excavations which cause injury to the adjoining property is liable for damages. OCGA § 44-9-3; *Paul v. Bailey*, 109 Ga. App. 712 (137 SE2d 337) (1964). In light of Garner's failure to rebut the showing made by Blair prior to the trial court's ruling on

the motion, the trial court's grant of partial summary judgment on the issue of liability was proper.

2. Next, Garner maintains that a directed verdict was warranted on the issue of damages because Blair failed to produce evidence on the value of the land before and after the injury. We agree.

Generally, the measure of damages for injuries to real property is the difference in the value of the property before and after the injury. *Southeast Consultants v. O'Pry*, 199 Ga. App. 125, 126 (404 SE2d 299) (1991). A directed verdict based upon the failure of proof of damages is only authorized if there is a complete absence of any competent evidence on the issue. *M. K. Developers v. McCall*, 202 Ga. App. 224, 225 (2) (414 SE2d 260) (1991). In this case, Blair did not produce any evidence on the value of the property prior to the injury, and merely testified as to the price of the property at the time of purchase. Although the purchase price of the property is relevant and admissible to establish its value at the time of purchase, standing alone, it is insufficient to establish the value of the property at some later time period. See *Builders Transport v. Hall*, 183 Ga. App. 812 (1) (360 SE2d 60) (1987). Inasmuch as Blair's evidence failed to provide sufficient data to permit a reasonable determination of allowable damages, the trial court erred in failing to direct a verdict on this issue. See *Allgood Rd. United Methodist Church v. Smith*, 173 Ga. App. 28 (2) (325 SE2d 392) (1984).

3. Based upon our decision in Division 2, Garner's remaining enumerations of error need not be addressed.

*Judgment reversed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 2, 1994.

*Garner, Reynolds & Pruitt, Michael E. Garner, Christopher J. McFadden*, for appellant.

*Denney, Pease, Allison, Kirk & Lomax, Allen C. Levi*, for appellee.