## A98A0507. VANCE et al. v. JACKSON.
### (504 SE2d 529)

POPE, Presiding Judge.

In 1988, appellant John Vance purchased from appellee R. L. Jackson a tract of real estate on Lake Lanier, which had been subdivided into three lots. After purchasing the land, Vance reconfigured the tract into two larger lots. After this reconfiguration, Jackson agreed to provide financing for Vance's purchase of the lot designated as "Lot 1." Vance built his home on the lot designated as "Lot 2," and Lot 1 remained vacant.

Later, when Vance was unable to meet his payments to Jackson, he deeded Lot 1 back to Jackson as part of a settlement of the debt. In connection with this transaction, Vance told Jackson that he had discovered that the driveway built on Lot 2 encroached approximately 12 to 18 inches onto Lot 1. The parties took no action to remedy this situation at the time. But later, when Jackson decided to put Lot 1 on the market, he secured a letter from Vance acknowledging the encroachment and agreeing to work out a "mutually acceptable solution" with any prospective buyer.

In 1994, Jackson found a buyer for Lot 1 who conducted his own survey of the property. This and later surveys revealed that Vance's driveway encroached onto Lot 1, not twelve to eighteen inches as the parties originally thought, but by some six feet. When the parties were unable to resolve the matter, Jackson brought suit to remove the encroachment and for damages. Vance previously had conveyed a joint interest in Lot 2 to his wife, appellant Nancy Vance, so both

Vances were named as defendants in the complaint.

The matter was heard in a bench trial, and the trial court found that the Vances' driveway was encroaching upon Jackson's property and awarded Jackson $10,000 in damages[1] resulting from the encroachment. This appeal followed.

1. The Vances' first two enumerations of error center around their argument that the trial court should have reformed the legal description in the various deeds between the parties pursuant to OCGA § 23-2-25 in order to prevent the encroachment. The Vances base this argument on later surveys of the property, which revealed a "gore"[2] between Lot 1 and adjacent property belonging to a third party. The gore consists of an approximately 0.033 acre piece of triangular property with a lake frontage of 13.45 feet. It is unclear who owns this property under existing legal descriptions and boundary lines.

The Vances contend that this gore is the result of a surveying error. They argue that the legal description for the property on the deed conveying Lot 1 back to Jackson was based upon an erroneous plat, and thus that the legal description also is inaccurate. They assert that the trial court should have reformed the legal description of the property to shift the northernmost boundary line of Lot 1 to run adjacent to the existing boundary line of the adjacent third-party property, thus eliminating the gore. The Vances further argue that the northernmost boundary line of Lot 2 should have been shifted in a similar manner, which would have eliminated the encroachment.

OCGA § 23-2-25 allows a court of equity to reform a conveyance, if the conveyance is, by accident or mistake, "contrary to the intention of the parties in their contract." The Vances argue that the trial court should have adjusted the legal description of the property as they propose because the parties did not intend to create a gore, but rather intended that the boundary line of Lot 1 should begin at the boundary line of the adjoining third-party property.

However, the evidence at trial supports the trial court's decision not to reform the property description. "The court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them." (Citations and punctuation omitted.) *Sheppard v. Sheppard*, 229 Ga. App. 494, 495 (2) (494 SE2d 240) (1997). At trial, two surveyors testified that neither Jackson nor

---

[1] The total judgment below was $24,752, reflecting the $10,000 awarded in the bench trial and $14,752 awarded to Jackson in a related jury trial. The matter thus came before this Court on direct appeal, but the subject of the appeal is limited to issues presented in the bench trial.

[2] Black's Law Dictionary defines a gore as "a small triangular piece of land, such as may be left between surveys which do not close."

Vance ever purchased the property constituting the gore. This testimony was supported by measurements they took of the subject property. The original property deeded to Jackson, allowing for various intervening sales, had 233 feet of lake frontage.[3] When they measured the property to exclude the gore, the boundary of the property fronting the lake remained at 233 feet. If the property was measured to include the gore, the boundary line would exceed 233 feet. Additionally, there was at least some evidence to indicate that the gore resulted from a mistake made when the adjacent third-party property was surveyed in the 1970's and thus that the gore could belong to the third-party landowners.[4]

The record therefore supports a finding that at the time Vance reconveyed Lot 1 back to Jackson, he did not own the gore and could not have conveyed the gore to Jackson. A party cannot convey title to property to which he does not hold title, whatever his intentions may be. Therefore, it was not error for the trial court to find that the deeds in question accurately described the property conveyed and correctly reflected the intention of the parties.[5]

2. As their third enumeration of error, the Vances contend that the evidence does not support the trial court's award of $10,000 in damages resulting from the encroachment. "Generally, the measure of damages for injuries to real property is the difference in the value . . . before and after the injury." (Citation omitted.) *Garner v. Blair*, 214 Ga. App. 357, 358 (2) (448 SE2d 24) (1994). See also *Whitaker Acres v. Schrenk*, 170 Ga. App. 238, 241 (3) (316 SE2d 537) (1984).

The Vances are now arguing that the trial court erred in not ordering them to remove the encroaching portion of the driveway in lieu of damages. But at trial they argued that the removal of the driveway would place an undue burden upon them. The Vances cannot now claim that the trial court erred when it adopted their own argument, and the trial court was correct in finding that damages were the appropriate remedy.

While we believe that the record contains sufficient evidence to allow a finder of fact to determine the damages resulting from the encroachment, we are unable to determine from the current record

---

[3] These measurements are also consistent with an older document describing the property purchased by Jackson's predecessor in title. Jackson originally purchased property with a northwesterly boundary of 374 feet in the 1950's from Rosa Lou Bowman Bagwell. The evidence demonstrated that Bagwell's original option to purchase the land in question provided for a northwesterly boundary of 375 feet, "more or less."

[4] The evidence also indicated that Vance was not very careful or accurate in measuring the property lines when he built his home himself on Lot 2, and thus the encroachment of his driveway onto Lot 1 may have been the result of his own measurement errors.

[5] Moreover, under these circumstances, it was not error for the court to leave the gore as it currently exists. The issue of the gore's ownership had not been raised by anyone seeking title to the property.

how the trial court arrived at an amount of $10,000. Accordingly, we remand this matter to the trial court and direct it to make findings of fact as to the basis for the amount of damages awarded.

*Judgment affirmed and case remanded with direction. Beasley and Ruffin, JJ., concur.*

DECIDED JULY 16, 1998.

*Webb, Tanner & Powell, Anthony O. L. Powell*, for appellants.
*Louis T. Cain, Jr.*, for appellee.