## SPENCER v. MAYOR AND COUNCIL OF GAINESVILLE.

ATKINSON, J. 1. Properly construed, this was an action of trespass "quare clausum fregit," for damages caused by blasting in the defendant's quarry, causing stones to fall on adjacent lands of the plaintiff, injuring his buildings and other property thereon, and by dumping dirt and other substances into a branch, which separated the quarry from plaintiff's other land, causing the branch lower down to change its course as it ran through plaintiff's land, and also to fill up plaintiff's mill-pond with debris; and not for damages arising from any negligence in the manner in which the work was done.

2. The quarry was located on a designated tract of land. Defendant held under a deed from plaintiff. After reciting the consideration, the deed purported to convey "all the rock and stone, both surface and subsurface, located on" the described land. It also contained the recital: "Party of the first part further grants, aliens, and conveys to party of the second part, and its successors and assigns, the right and easement to use said land in any way whatever that may be necessary or expedient to quarry, blast, crush, and remove all of said stone and rock; provided no convict camp or tenant houses shall be placed on said ten acres of land." *Held*, that the grant and covenant above quoted authorized blasting, and the mere fact that the stones fell upon plaintiff's adjacent land and injured his property would not render defendant liable in trespass for the injury. See Casselberry v. Ames, 13 Mo. App. 575; Arthur v. Henry, 157 N. C. 393 (73 S. E. 206); Scott v. Bay, 3 Md. 431.

(a) This case differs from *Moross & Co.* v. *Burke*, 99 *Ga.* 110 (24 S. E. 969), and Central Iron & Coal Co. v. Vandenheuk, 147 Ala. 546 (41 So. 145, 6 L. R. A. (N. S.) 570, 119 Am. St. R. 102, 11 Ann. Cas. 346), where the plaintiff had not consented to the blasting.

3. Considered in the light of the entire charge, and the issues as made in the pleadings and evidence, the excerpts from the charge complained of in the motion afford no cause for the grant of a new trial.

4. Under the circumstances of the case, there was no error in refusing to declare a mistrial.

5. The verdict is supported by the evidence, and the discretion of the trial judge in refusing a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*
SEPTEMBER 29, 1913.

Action for damages. Before Judge Jones. Hall superior court. May 17, 1913.

*B. P. Gaillard* and *J. G. Collins,* for plaintiff.
*William M. Johnson,* for defendant.