36392. BROOKS v. READY MIX CONCRETE COMPANY.

Decided November 20, 1956—Rehearing denied December 6, 1956.

*Wright, Rogers, Magruder & Hoyt, Dudley B. Magruder, Jr.,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith,* contra.

FELTON, C. J. The petition seeks recovery on the theory that the defendant is liable without negligence or fault for a direct trespass upon the plaintiff's property. The defendant contends that the damage was indirect or consequential and that negligence is prerequisite to the cause of action. This seems to be a case of first impression in this State as to the particular facts alleged.

1. The common law of force prior to May 14, 1776, is of force in Georgia except where modified by statute or not adjusted to our situation. *Flint River Steamboat Co.* v. *Foster,* 5 *Ga.* 194, 195 (5) (48 Am. D. 248); *Harris* v. *Powers,* 129 *Ga.* 74 (2) (58 S. E. 1038, 12 Ann. Cas. 475); *L. & N. R. Co.* v. *Wilson,* 123 *Ga.* 62, 67 (51 S. E. 24, 3 Ann. Cas. 128); Annotations, Code (Ann.) § 2-8003. Not only has the common law not been changed as it pertains to direct damage to realty but the rule is codified in Code § 105-1401, which provides: "The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie." Code § 105-1404 provides: "The person having title to lands, if no one is in actual possession under the same title with him, may maintain an action for a trespass thereon; and if a tenant is in possession, and the trespass is such as injures the freehold, the owner, or a remainderman or reversioner, may still maintain such action." Prior to May 14, 1776, the common-law rule was that the liability for a trespass upon real property produced by a voluntary act was absolute and did not have to be grounded in negligence, so long as the act causing the trespass or invasion was intended, such as felling a tree or damming a stream. *Athens Mfg. Co.* v. *Rucker,* 80 *Ga.* 291, 295 (4) (4 S. E. 885); Prosser on Torts, 2d ed., p. 54. Rylands *v.* Fletcher (1868) L. R. 3 H. L. 330, 37 L. J.

Ex. 161; Pollock, The Law of Torts, 11th ed., p. 11. The rule seems to have been changed in England in 1890 in Stanley *v.* Powell, L. R. (1891) 1 Q. B. 86. Harvard Law Review, Vol. 33, p. 546.

2. The vital question in this case is whether damage from blasting is a direct or consequential trespass. The courts of many States have held that the damage is consequential. See cases cited in Exner *v.* Sherman Power Construction Co., 54 Fed. 2d 510, 80 A. L. R. 686, 690. In the blasting cases it has been uniformly held, with a few possible exceptions, that the liability is absolute wherever there has been an actual invasion of property by rocks or debris projected by a blast. See cases cited. 80 A. L. R. 690. The courts denying absolute liability in blasting cases based their conclusions on their opinion that in blasting damage the damage was consequential. The court in the Exner case, supra, rejected the distinction between the two kinds of damage by concluding that there can be no difference between a blasting which projects rocks in such a way as to injure persons or property and a blasting which, by creating a sudden vacuum, shatters buildings or knocks down people. The distinction was said to have been based on historical differences between the actions of trespass and case and to be without logical basis and the court cited many cases which had rejected the distinction. 80 A. L. R. 691. We agree with the conclusion in the Exner case. If there had been a ruling by a common-law court in England prior to May 14, 1776, to the effect that the distinction between the two types of blasting injuries was valid, we would be bound. The ancient forms of action have been abolished and we can arrive at the law by process of valid reasoning and not let the ancient forms of action rule us from their graves after they have been buried, to paraphrase Professor Maitland. Maitland, Equity and the Forms of Action, 296. Damage from concussion is as immediate, if not faster, than damage from blasting, which is as dangerous and as unpredictable, and probably more dangerous. The weight of authority supports the conclusion we have reached, though there is considerable authority supporting the other view. Pro, 20 A. L. R. 2d 1375. Contra, page 1388. We think Code § 105-1401 resolves the issue as to which maxim is paramount "One may not so use his own prop-

erty as to injure the property of another" or "The owner of property has the right to the fullest use of his property." We think the first is paramount and the Code gives a right of action for absolute liability if one's property is injured directly by another's use of his. Besides, reason and common sense and justice require that the one who sets in motion an agency which directly damages another's property, especially an agency of such a dangerous nature, should suffer rather than an innocent property owner who has done nothing. Decisions by the courts of this State in blasting cases wherein the plaintiffs based their cases on negligence are irrelevant on the point at issue. The liability of a railroad for throwing sparks on property adjacent to rights-of-way is distinguished in *Gainesville, Jefferson &c. Co.* v. *Edmondson*, 101 *Ga.* 747 (29 S. E. 213). Cases involving dangerous agencies such as gas and electricity where no direct trespass is involved are also irrelevant. The defendant in error quotes a statement from *Spencer* v. *Mayor &c. of Gainesville*, 140 *Ga.* 632 (2) (79 S. E. 543) that "the mere fact that the stones fell upon the plaintiff's adjacent land and injured his property would not render defendant liable in trespass for the injury." The first part of the sentence changes the whole meaning of the quote because the defendant was blasting on land purchased by the defendant from the plaintiff with the permission of the plaintiff granted in the deed of conveyance. A recovery was affirmed in *Moross & Co.* v. *Burke*, 99 *Ga.* 110 (24 S. E. 969), for a similar trespass where the blasting was done without the plaintiff's permission. The ruling in *Austin* v. *Augusta Terminal Co.*, 108 *Ga.* 671 (34 S. E. 852, 47 L. R. A. 755) treated the alleged injury as being consequential and not direct but it was explained and criticized in *Central Ga. Power Co.* v. *Nolen*, 143 *Ga.* 776 (85 S. E. 945). The defendant in error cites many articles by textbook writers and professors urging the desirability of the abolition of the rule of absolute liability or liability without fault. Even if such a rule is more desirable, relief lies solely with the General Assembly. The special demurrers are without merit and we do not think that discussion of the reasons is necessary more than to say that the allegations attacked furnish the defendant with sufficient facts to enable it to prepare its defense.

The court erred in sustaining the general and special demurrers and in dismissing the action.

*Judgment reversed. Quillian and Nichols, JJ., concur.*