17718

Furman T. WALLACE, Respondent, v. A. H. GUION & COMPANY, Inc., Appellant

(117 S. E. (2d) 359)

350

*Messrs. Butler & Chapman,* of Spartanburg, *for Appellant,*

*Messrs. Wm. Alton Crow* and *J. Wright Nash,* of Spartanburg, *for Respondent,*

December 5, 1960.

STUKES, Chief Justice.

The question to be decided in this appeal is, as agreed upon by the litigants: Is it necessary for the plaintiff to allege negligence, operating as a proximate cause of his damage, in an action brought against a contractor, who was laying a sewer line on adjoining property, for damage to improvements on the plaintiff's real estate allegedly caused by concussion and vibration from dynamite or other explosives used by said contractor?

It is alleged in the complaint that defendant was engaged in excavating a large ditch in the City of Spartanburg in

which to lay a sewer on property at the rear of plaintiff's lot and within 200 feet of his residence; there were exploded great amounts of dynamite or other high explosives which resulted in violent earth vibrations and shock or concussion waves which caused plaintiff's home to vibrate to the extent that the plaster in the rooms cracked and crumbled, an exterior brick wall and foundation were cracked and the tile floors in portions of the home were torn loose from their fastenings, whereby the home was damaged.

The defendant demurred to the complaint upon the ground that it did not allege a cause of action because there are no allegations (1) of negligence, or (2) that rocks and other debris were thrown on plaintiff's property, or (3) that the explosives were greater than necessary to accomplish the purpose.

The demurrer was overruled and defendant has appealed. Appellant and respondent agree that the question presented is novel in this jurisdiction although there are tangent decisions of the court to which reference will be later made.

An annotation in 20 A. L. R. (2d) 1372, entitled, "Liability for property damage by concussion from blasting", shows the division of authority upon the question of whether a plaintiff must allege and prove negligence in order to recover in such cases. The apparent majority of the courts hold that it is not necessary to allege and prove negligence on the part of the defendant, and that conclusion may be said to be the trend of the modern decisions.

The following analysis of the cases by the annotator in 20 A. L. R. (2d) 1374, 1375, appears to be accurate and incisive:

"The conflict in the decisions is perfectly understandable in view of the fact that the courts are faced with two conflicting principles. First, there is the principle that one may not so use his own property as to injure the property of another (*sic utere tuo ut alienum non laedas*). Secondly, there is the principle which recognizes the right of the owner

of property to the fullest use of his property. If the first principle is considered paramount, then there would be liability, irrespective of negligence, but if the second principle is considered paramount, then there would be liability based upon negligence.

"The reasoning in those jurisdictions adopting the former view (absolute liability) is apparently to the effect that even though the defendant exercised the utmost care, it was he, nevertheless, who set in motion the agency which caused the damage and that he, and not the plaintiff, who did nothing, should be liable therefor.

"In some of the cases adopting the latter view (liability based on negligence), a distinction has been made based on the form of the action. If rocks and debris were thrown upon the plaintiff's land, a trespass results for which there is liability, irrespective of negligence, but if the damage was by concussion, there is no trespass, and the liability for such consequential damages must be based on negligence in an action on the case. This distinction, based on the historical difference between actions of trespass and case, has been severly criticized by many cases adopting the view of absolute liability in concussion cases. Likewise criticized by some cases has been the reasoning that there was no physical invasion when the damage was by concussion."

Now considered the leading case requiring for recovery allegation and proof of negligence is *Booth v. Rome, W. & O. Terminal R. Co.,* 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552, which is followed by many other New York decisions. It is interesting, however, that the rule of the *Booth case* is avoided in that jurisdiction if the action is brought upon the theory of a nuisance and the nuisance is proved, and liability exists irrespective of negligence. See the New York cases collected in 20 A. L. R. (2d) at page 1407. There are other instances where the New York courts have avoided the rule of the *Booth case,* which are noted in 2 Harper and James, Torts, 819, sec. 14.8. "Strict liability for blasting by indirection."

A leading case on explosives is *Exner v. Sherman Power Const. Co.,* 2 Cir., 54 F. (2d) 510, 512, 80 A. L. R. 686, opinion by Circuit Judge Augustus Hand. It involved the storage of dynamite but the majority rule of the blasting cases was applied and liability without negligence of the defendant was imposed. In the course of the opinion, which contains a wealth of citations, it was said by Judge Hand:

"Dynamite is of the class of elements which one who stores or uses in such a locality, or under such circumstances as to cause likelihood of risk to others, stores or uses at his peril. He is an insurer, and is absolutely liable if damage results to third persons, either from the direct impact of rocks thrown out by the explosion (which would be a common-law trespass) or from concussion. * * * The liability of the defendant is not founded on illegal storage or on negligence, which was not proved, but upon the ground that the use of dynamite is so dangerous that it ought to be at the owner's risk."

And further:

"We can see no reason for imposing a different liability for the results of an explosion, whether the dynamite explodes when stored or when employed in blasting. To be sure there is a greater likelihood of damage from blasting than from storage, but in each case the explosion arises from an act connected with a business conducted for profit and fraught with substantial risk and possibility of the gravest consequences. As Justice Holmes has said in The Common Law, p. 154: 'The possibility of a great danger has the same effects as the probability of a less one, and the law throws the risk of the venture on the person who introduces the peril into the community.' "

A well-reasoned decision, and also of first impression in that jurisdiction, is *Brooks v. Ready-Mix Concrete Co.,* 94 Ga. App. 791, 96 S. E. (2d) 213. The facts were very similar to those alleged in the case in hand and liability without allegation of negligence of the defendant was upheld. A

provision of the Georgia Code was referred to as of influence in the decision, but it appears to be only a codification of the common law. The decision was largely rested upon the authority of the *Exner case, supra.* The later Georgia decision of *Ready-Mix Concrete Co. v. Rape,* 98 Ga. App. 503, 106 S. E. (2d) 429, cited and followed the *Brooks case.*

The general rule of the blasting cases is stated in 35 C. J. S. (1960 Ed.) Explosives § 8a, pp. 275-277, as follows: "Under what has been called the rule of absolute or strict liability, one lawfully engaged in blasting operations is, according to the weight of authority, liable without regard to the question of whether or not he has been negligent, whereby his acts in casting rocks or other debris on adjoining or neighboring premises or highways he causes direct damage to property or causes direct injury to persons thereon. He is also, under the rule more generally adopted, liable for consequential injuries occasioned by concussion or vibration to property or for consequential injuries occasioned by concussion or vibration to persons, without the actual casting of material; nor is the rule restricted in application to instances where the blasting is a nuisance per se or where the property is contiguous or adjoining."

2 Harper and James, Torts, 812 et seq., sec. 14.6, contains excellent review of the authorities. The authors advocate the general rule which we follow. We quote briefly from their conclusion: "Blasting operations are dangerous and must pay their own way. * * * The principle of strict or absolute liability for extrahazardous activity thus is the only sound rationalization."

This majority rule of liability without allegation and proof of negligence has been adopted by the American Law Institute, Restatement of Torts, Vol. III, sec. 519, in which it is said in sec. 520, at page 44, "Blasting is ultrahazardous because high explosives are used and it is impossible to predict with certainty the extent or severity of its consequences." We think that is the better reasoned rule and,

supported as it is by the majority of the courts, we follow it. This requires affirmance of the order under appeal.

The earlier cases from this court that touch the problem, which are referred to hereinabove, are *Harris v. Simon,* 32 S. C. 593, 10 S. E. 1076, and *Momeier v. Koebig,* 220 S. C. 124, 66 S. E. 2d 465, 467. The first cited was an action for alleged wrongful death caused by a rock thrown by a blast from a quarry. Negligence was alleged and undertaken to be proved. The appeal was concerned solely with the sufficiency of the evidence of negligence. Thus the case is not apposite here where negligence is not alleged. The *Momeier case* was for damages for the allegedly negligent driving of piles on land adjoining plaintiff's lot. Judgment for the latter was reversed for lack of evidence of negligence. The "blasting cases" were mentioned but were differentiated by the court as not analogous, quoting from the opinion, "because the use of explosives is inherently dangerous to nearby property and pile driving is not." It was said in the opinion that *Harris v. Simon, supra,* apparently holds that in blasting cases proof of negligence is required to support a verdict for damages. The latter is not accurate as is seen by the foregoing comment on the *Harris case* and it will be disregarded as dictum. *Wood v. Pacolet Mfg. Co.,* 80 S. C. 47, 61 S. E. 95, was cited by the lower court in this case to the point that recovery of damages for trespass does not depend upon the negligence of the defendant. That was an action for trespass for the blasting of rock by the defendant from the plaintiff's land and arose out of a boundary dispute. It is seen that these cases are presently of no authority.

The order overruling the demurrer to the complaint is affirmed, and the appellant has leave to serve its answer within ten days after remittitur is filed in the lower court.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.