38639. BARROW v. GEORGIA LIGHTWEIGHT AGGREGATE COMPANY.

DECIDED MAY 16, 1961.

*Marson G. Dunaway, Jr.,* for plaintiff in error.

*Cecil D. Franklin,* contra.

BELL, Judge. The defendant, in its brief, states that the complications arising in the pleadings with reference to interpretation became so complex that it is doubtful that any sort of affirmative analysis can be made, and that the pleadings reached such a state that the plaintiff, the defendant, and the court were at all times in doubt as to the status of the issues. With respect

to this statement, we deem it sufficient to point out that the numerous assignments of error by the exceptions and the amended motion for a new trial total some 39 claimed errors.

The first contention of the plaintiff is that the trial court erred in sustaining original demurrer number 5 (a) of the defendant to that portion of paragraph 8 of the plaintiff's petition as constituting a conclusion which charges that "on occasions so frequent as to constitute a continuous and uninterrupted chain of events from late in 1954 until the filing of this petition, defendant in the course of its operations caused the explosion of large amounts of dynamite or other high explosives, the amount of which is unknown to plaintiff but well known to defendant." We do not agree with this ruling of the trial court in sustaining the demurrer to this portion of the petition. The further ground of demurrer sustained to this allegation of the plaintiff was that it failed to show the date or dates when damaging explosions occurred and until this information is alleged defendant contended it was unable properly to prepare its defense. Under numerous cases of our appellate courts it is not necessary for the plaintiff to allege in the petition information which is peculiarly within the knowledge of the defendant. Furthermore, specific dates were set out elsewhere in the petition as to some of the explosions set off by the defendant.

■ The next contention of the plaintiff is that the explosions set off by the defendant constituted a trespass upon the plaintiff's real property. These explosions, it is alleged, were between 100 and 1,000 yards from the plaintiff's house and were set off frequently, according to the testimony three or four times a day, and caused the breaking of a window, the shaking of the house, the casting of rocks upon the premises, the cracking of sheet rock on the walls and the ceilings, and the foundation of the house, and did "shake and vibrate plaintiff's body and cause plaintiff great and grievous discomfort, annoyance, and anxiety concerning the safety of himself, his dwelling and his family."

It has been held by this court that under similar facts alleged the jury could find that the dynamite vibrations constituted a trespass. *Brooks v. Ready-Mix Concrete Co.*, 94 Ga. App. 791 (96 S. E. 2d 213); *Ready-Mix Concrete Co. v. Rape*, 98 Ga. App.

503 (106 S. E. 2d 429); *Dalon Contracting Co. v. Artman*, 101 Ga. App. 828, 837 (115 S. E. 2d 377). The plaintiff urges that since these acts of the defendant constituted a trespass, the trespasser is liable for the personal injuries of mental and physical discomfort as alleged in the petition. The trespasser's liability has been carried to extreme lengths as to consequences for which he may be held answerable. Thus, a trespasser is generally held liable for all damages proximately caused to the property, even including that which could not reasonably have been anticipated at the time of the unlawful entry. Prosser on Torts, 2d Ed. § 13, p. 57. This rule has been relied upon to impose liability upon the trespasser for personal injury to the owner and members of his household, *including liability for mental suffering*. Engle v. Simmons, 148 Ala. 92 (41 So. 1023); Prosser on Torts, 2d Ed., § 13, p. 58. See also 52 Am. Jur. 875, 876, Trespass, § 51, and cases there cited. We think this principle is sound, and accordingly hold that a trespass upon real property imposes liability for damage caused to property; and person, including mental and physical injury of the owner and his family. In view of this holding, the trial court erred in sustaining grounds 6 (d), 11 (a), 12 (a), 13 (a), 13 (b), 15 (c), and 16 (b) of the defendant's original demurrer, all of which related to allegations of mental and physical suffering caused by the defendant's trespass.

■ The next ground asserts that the trial court erred in sustaining the defendant's original demurrers 7 (b) and 7 (c) which, in brief, were that the plaintiff failed in his petition to identify the location, depth, and thickness of the cracks and breaks in the walls, and that the cost of the repairs was not alleged. As to the failure of the petition to allege the location, depth, and thickness of the cracks and breaks, we think the trial court erred in sustaining this demurrer since all that is necessary for the plaintiff to set forth in his petition is a sufficient statement of his cause of action in order that the defendant may without difficulty understand the nature of the plaintiff's charge or demand and make preparation to meet it. Under this rule the plaintiff is not required to set forth in his petition the evidence relied on to make out a cause of action. *Watts v. Rich*, 49 Ga.

App. 334, 335 (175 S. E. 417), and cits.; *Daniell v. McGuire*, 87 Ga. App. 491 (3) (74 S. E. 2d 378). The allegation was sufficient to apprize the defendant of the damage claimed. Further, it was not necessary for the plaintiff to set forth the cost of repairs since it obviously is not essential that the plaintiff make the repairs before bringing action for the damages. Since there is no allegation in the petition that the repairs had been made, their cost could not have been alleged in the petition. The trial court erred in sustaining grounds 7 (b) and (c) of the defendant's original demurrers.

The trial court properly sustained ground 7 (d) of the original demurrers attacking the failure to allege the date of painting of the dwelling and the name of the painter. These allegations are necessary to an understanding of the plaintiff's charge, since a part of the defendant's preparation for the defense might include the interviewing and investigating of the painter to determine whether the allegation was true or not. Demurrer 7 (f) was improperly sustained by the trial judge. This situation is controlled by the ruling (supra) on demurrer 5 (d).

■ Defendant's demurrers 14 (a) and (b), which were sustained, each attacked the plaintiff's prayer for damages. It was error to sustain these demurrers, as paragraph 16 of the plaintiff's petition asked for damages for the alleged difference between the fair market value of the plaintiff's property before and after the damages caused by the defendant. This is an appropriate measure of damages for trespass. *Rowland v. Gardner*, 79 Ga. App. 153 (53 S. E. 2d 198). Further, paragraph 17 of the plaintiff's petition asked for damages for personal injuries, which, in accordance with the holding expressed in division 1 of this opinion, is not subject to demurrer. Moreover, the final prayer for relief in count 1 of the petition asked for judgment in the total sum of $25,000, which equaled the sums demanded in the two preceding paragraphs for property damage and personal injuries plus the sum prayed for as exemplary damages. In a trespass action the plaintiff may recover exemplary damages for wilful repetition of the trespass as well as actual damages. *Dalon Contracting Co. v. Artman*, 101 Ga. App. 828, 829, supra.

The defendant's demurrer 15 (c), which was sustained, is controlled by the ruling in division 1 of this opinion. The trial court erred in sustaining demurrers 14 (a) and (b) and 15 (c) directed to the plaintiff's allegations of damage.

■ The next ground of error pressed is the trial court's sustaining of the defendant's original demurrer 15 (d) to paragraph 2 of count 2 of the petition. This demurrer urged "that said paragraph fails to show where defendant's operations constitute a continuing nuisance and, therefore, is a conclusion of the pleader, there being no facts alleged to support this proposition." It was error to sustain this demurrer, since a reading of count 2 as a whole, including the allegations of count 1 of the petition which were incorporated into count 2, shows sufficient facts alleged to make out a cause of action for a continuing nuisance. The classic definition of a private nuisance is such conduct as constitutes an unreasonable interference with the plaintiff's interest in the use and enjoyment of his land. Our Georgia statute, paraphrasing Blackstone's Commentaries, defines a nuisance as anything that works hurt, inconvenience, or damage to another. *Code* § 72-101; *Coker v. Birge*, 9 Ga. 425 (54 Am. Dec. 347); 3 Bl. Com. 215. Here the petition alleges that on occasions so frequent as to constitute a continuous and uninterrupted chain of events from late in 1954 until the filing of the petition, the defendant in the course of its operations caused the explosion of large amounts of dynamite or other high explosives, shaking and vibrating the plaintiff's body and causing him great and grievous discomfort, annoyance, and anxiety, and further breaking a window, shaking the house, casting rocks upon the premises, cracking the sheet rock on the walls, cracking the ceilings and the foundation, which allegations are sufficient to allege hurt, inconvenience, or damage to the plaintiff's use and enjoyment of his property. See *Rinzler v. Folsom*, 209 Ga. 549, 552 (74 S. E. 2d 661).

The trial court erred in sustaining ground 16 (b) of the defendant's original demurrers to paragraph 2 of count 3 of the plaintiff's petition, since the manner and scope of the personal injuries alleged to have been suffered by the plaintiff in the petition was sufficient to apprize the defendant of the plaintiff's cause

of action, which included the right to recover for personal injuries.

Defendant's original demurrer 19 (a) to paragraph 5 of count 3 of the plaintiff's petition was improperly sustained by the trial court. Paragraph 5 so demurred to simply charged that "defendant could have moved the material being mined on its premises without the use of high explosives." This did not constitute merely an unsubstantiated conclusion of the pleader, but was the pleading of an ultimate fact to be proved by the evidence.

The defendant's original demurrers 20 (a) and (b) were sustained to paragraphs 6 (a) and (b), which resulted in striking from count 3 certain ordinances of the City of Rockmart. The basis of this ruling was that the alleged ordinances had no application under the allegations of the petition to any acts of the defendant. The trial court properly sustained the demurrer to paragraph 6 (a) of count 2 of the plaintiff's petition, as that ordinance obviously deals with malicious mischief, and here the allegations of the petition do not charge this type of conduct to the defendant. The second ordinance alleged in paragraph 6 (b) and demurred to reads "It shall be unlawful for any person to interfere, injure, or deface any property of another in this city, whether the same be done in the spirit of mischief or otherwise." The trial court erred in striking this ordinance, since it could be found to apply to the acts of the defendant as alleged in the petition.

■ The defendant's original demurrer numbered 21 (a) was sustained to paragraph 7 of count 3 of the plaintiff's petition on the grounds that there are no allegations in the paragraph or elsewhere in the petition which show acts of gross negligence, and that the allegation constitutes a conclusion of the pleader. Gross negligence is defined in the Code as the failure to exercise that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances. *Code* § 105-203. The petition as a whole charges the defendant with repeatedly setting off dynamite charges over a period of years, in violation of the plaintiff's rights and after repeated warnings that these explosions injured the plaintiff's person and property. Under the circumstances there was a

sufficient allegation of conduct which a jury could find to be gross negligence or worse, and such questions are for the jury. *Wallace v. Clayton,* 42 Ga. 443, 447 (2); *Frye v. Pyron,* 51 Ga. App. 613 (181 S. E. 142); *Holland v. Boyett,* 212 Ga. 458 (93 S. E. 2d 662); *Harris v. Reid,* 30 Ga. App. 187 (117 S. E. 256). The trial court erred in sustaining this demurrer.

■ The next ground of error is that the court improperly sustained the defendant's demurrer 22 (a) to the paragraph of count 3 of the petition which asked for exemplary damages because of the aggravated nature of the defendant's acts of negligence as set forth in that count. The usual rule is that punitive or exemplary damages will not lie for acts of negligence; in general, they are restricted to torts arising from intentional wrongful acts and are not allowable where the injury is inadvertent, as is the case with negligent wrongs. *Code* § 105-2002. However, where, as the petition here charges, the defendant, after being warned of the injury to the plaintiff's land, person, and property, continued to set off the explosions, a jury might find that the act was such as to evince an entire want of care and conscious indifference to consequences which would justify an award of exemplary damages. *Battle v. Kilcrease,* 54 Ga. App. 808 (189 S. E. 573); *American Fidelity &c. Co. v. Farmer,* 77 Ga. App. 166 (3b) (48 S. E. 2d 122); *Rutland v. Dean,* 60 Ga. App. 896 (1) (5 S. E. 2d 601). Under these authorities, it was error to strike the prayer for exemplary damages in count 3 of the plaintiff's petition.

■ The next ground of error charged arises from the trial court's order of March 31, 1959, which reversed its previous order of September 11, 1958, to overrule, instead of sustain, the defendant's original demurrer number 2. The purpose of the order was stated as "Being to reinstate the allegations concerning the exemplary damages." This order refers to a ruling on the demurrers filed June 2, 1958. The plaintiff contends this attempted amendment of the previous ruling was void because it was confusing and misleading, inasmuch as there were no demurrers filed on June 2, 1958. An order revoking a ruling on demurrers to pleadings entered at a previous term is erroneous. *General Tire Service Co. v. Carlisle,* 84 Ga. App. 288 (66 S. E. 2d 161). This

court will take judicial notice that the terms of court of the City Court of Polk County are January, April, July, and October of each year. Here the attempt by the trial court to revoke its previous ruling in the July term of 1958, at the January term of 1959 was erroneous.

■ The next ground of error assigned is that the trial court, after the evidence had been concluded, denied the plaintiff's motion for a directed verdict "of liability on count 1 of the petition on the grounds that the evidence with reference to count 1 demanded a verdict in favor of the plaintiff." The trial court did not err in denying the motion for a directed verdict for the plaintiff. The mere refusal of a trial judge to direct a verdict is not reviewable by a direct bill of exceptions which assigns error only on the refusal. See catchword "Refusal", annotations under *Code* § 110-104. The proper way—indeed, the only way—to perfect an appeal on the refusal of a trial judge to direct a verdict is to make a legal motion for a judgment notwithstanding the verdict. The motion n. o. v. being based on the refusal of the trial judge to direct a verdict, it necessarily follows that the overruling of the motion n. o. v., properly excepted to, allows the appellate courts to consider the presence of error in the refusal to grant the motion for a directed verdict. See *Code Ann.* § 110-113.

■ Special grounds numbered 1 and 5 of the amended motion for new trial contend that the trial court made an error in its instructions to the jury as to the measure of damages. In division 3 of this opinion the proper measure of damages is set forth. It therefore becomes unnecessary to pass upon this assignment of error, as the ruling in division 3 disposes of the question. While the charge in this case was incorrect as to the measure of damages, it was immaterial as the verdict exonerated the defendant on the issue of liability. *Carstarphen v. Central of Ga. Ry. Co.*, 8 Ga. App. 162 (68 S. E. 848) ; *Cohen Bros. v. Krumbein,* 28 Ga. App. 788 (113 S. E. 58).

■ Special ground number 2 complains that the trial judge expressed an opinion as to the meaning of an ordinance of the City of Rockmart, Georgia, which had been introduced in evidence by the defendant. While an expression of opinion by the trial

judge as to what has or has not been proved by the facts is error (*Code* § 81-1104), the trial judge may express an opinion as to what the law is when he instructs the jury. *Powell v. State,* 65 Ga. 707 (3). If the trial court should misstate the law, or should his expressed opinion as to the law be incorrect, this, of course, would be error. Here there is no evidence in the record and nothing in the brief to show that the trial court's statement, "I believe that is the substance of what the ordinance says," was incorrect. Furthermore, the jury, according to the record, had the ordinance in question before it when it considered the case. Under the circumstances there was no error shown in the trial court's expression of opinion as to the meaning of the city ordinance.

Special ground 3 was abandoned.

■ Special ground 4 of the motion for new trial contends that the trial judge erred in instructing the jury in part, referring to count 1 which charged the defendant committed a trespass, that "plaintiff could not recover if his injuries were the result of his own negligence . . . " The remainder of this instruction dealt with the necessity of the plaintiff's exercising ordinary care for his own safety. It appears self-evident as a desirable rule of law that contributory negligence should not be a defense to a wilful tort, and the Georgia courts have so held. *Central R. & Bkg. Co. v. Newman,* 94 Ga. 560 (21 S. E. 219); *Georgia Power Co. v. Deese,* 78 Ga. App. 704, 708 (51 S. E. 2d 724). Accordingly, this instruction was erroneous.

■ Special ground 6 of the motion urges that the trial court erred in leaving out the word, "reduction," in a portion of the charge which related to the measure of damages for the property involved. The plaintiff contends that a jury is more likely to understand the word, "reduction," than "diminution." We are unwilling to attribute such ignorance to jurors, and will not presume that jurors are not conversant with the English language. This ground has no merit. Furthermore, since here the jury found for the defendant, had there been error in the charge on the measure of damages it would have been harmless.

■ Special ground 7 of the motion assigns error in the court's refusing to charge, pursuant to written request, that it is not

necessary for the plaintiff to prove liability of the defendant under the legal theories of all three counts in the petition in order to be entitled to recover. As the written request contained a correct statement of the law and was applicable, it was mandatory for the trial judge to give it in his charge to the jury. *Code Ann.* § 70-207. *Vaughan v. Vaughan,* 212 Ga. 485 (93 S. E. 2d 743). Special ground 7 is meritorious.

Special grounds 8, 9, and 10 of the motion are considered as abandoned.

■ Special ground 11 assigns error in the admission of testimony of a witness for the defendant as to the condition of the plaintiff's house which he found upon his inspection of the house over a year after the suit was filed. The defendant contends that the plaintiff made no valid objection to the admission of the evidence at the time it was offered, and the only objection raised is in the following language: "I object to the question. The inspection of the house was made after the filing of the suit." This language is insufficient to form a basis for a valid objection. The vice of this objection is that it did not make the point that a proper foundation was not laid in that there was no showing that the house was in the same condition at the time of inspection after the suit was filed as it was over a year earlier at the time of the damage. "A specific objection showing a harmful error must be offered at the time the evidence is presented." *McDaniel v. State,* 197 Ga. 757, 759 (2) (30 S. E. 2d 612); *Georgia R. & Bkg. Co. v. Lokey,* 69 Ga. App. 403 (25 S. E. 2d 921); *Wimberly v. Toney,* 175 Ga. 416 (165 S. E. 257); *Pylant v. State,* 191 Ga. 587 (13 S. E. 2d 380).

The other special grounds of the motion for new trial were abandoned.

*The judgment of the trial court is reversed in part and affirmed in part in accordance with the rulings stated in the opinion. Felton, C. J., and Nichols, J., concur.*