## 46836. LEDBETTER BROTHERS, INC.
### v. JENKINS et al.

PANNELL, Judge. 1. An action against a contractor seeking damages arising out of an alleged trespass to the land, buildings and persons of plaintiffs, as the result of blasting for a State highway is not controlled by *Code Ann.* § 95-1710 or by *Code* § 95-1712. "A proceeding against a private contractor although based upon a cause of action 'originating on a highway' could be maintained without adherence to these provisions. We would not extend their meaning to include common law tort actions against parties other than a county and the State Highway Department simply because the alleged negligent act 'originated on a highway.' Nor would we do so merely because the cause of action arose from an eminent domain proceeding and originated on a highway." *Woodside v. Fulton County,* 223 Ga. 316, 325 (155 SE2d 404).

2. The action in the present case being one for trespass against realty seeking damages for injuries to a dwelling

and personal injuries and discomfort, occasioned by vibrations of, and rocks being thrown into and upon, the dwelling as a result of blasting activities of the defendant in the construction of the State highway, there was no error in charging the jury, "You are not concerned with the question of whether or not the defendant in this case was negligent, but you are concerned with whether or not the blasting or explosions as complained of in the petition caused the damages complained of, and whether or not the defendant in that manner is liable." *Brooks v. Ready Mix Concrete Co.,* 94 Ga. App. 791 (96 SE2d 213).

3. The motion for judgment notwithstanding the verdict, as amended, filed by the defendant appellant, sought the entry of a judgment for an amount less than that found by the jury, based solely on testimony of a witness estimating the cost of repairs to the dwelling of plaintiff. Even if we should concede that the cost of repairing the dwelling is the only damages allowable under the evidence, a judgment for the amount testified to, being opinion evidence, would not be demanded on a motion for judgment notwithstanding the verdict. See *Ginn v. Morgan,* 225 Ga. 192 (2) (167 SE2d 393).

4. The evidence authorizing a finding that, after repeated warnings, defendant continued the blasting over a period of several years with continuing damage to the dwelling of the plaintiffs and to the plaintiffs' health and comfort in the enjoyment of their property, the trial judge was authorized to submit to the jury the issue of punitive damages. See *Barrow v. Ga. &c. Aggregate Co.,* 103 Ga. App. 704, 713 (120 SE2d 636).

5. Appellant complains of the overruling of defendant's objection to the following question and answer of a doctor testifying about the injuries of one of the plaintiffs: "Q. What were your findings as a result of the skull and spine x-ray? A. The skull was normal and the cervical spine showed some straightening of the natural curve, which indicates muscle spasms. She had a moderate amount of disc disease or degeneration between the sixth

and the seventh cervical vertebrae." The trial judge sustained the objection to the answer, with the exception of that portion stating the skull was normal. We find no reversible error in the admission of this evidence.

6. The trial court's definition of direct and circumstantial evidence was a correct one and there was no error, in the absence of a request, to charge "as to the rules governing the use of circumstantial evidence in order to support a claim or contention by the plaintiff."

7. The trial court charged the jury as follows: "As damages, the plaintiffs claim they are entitled to $16,800 for the damage to the real estate, and to $10,000 each for their personal injuries as a result of the blasting, including mental and physical discomfort as a result of the continued and repeated acts of the defendant. The plaintiffs seek another $10,000 each as exemplary or punitive damages. And the entire suit of the plaintiffs is for the sum set forth in the petition, as amended, and specifically as set forth in the amendment." The only objection to this charge, which was interposed in the court below and argued in the brief was, that there was no evidence of any personal injury to the husband plaintiff. The evidence is ample to show that the husband suffered physical and mental shock and fright, loss of sleep and loss of comfort and enjoyment of the use of his home. That physical and mental shock and fright are personal injuries can hardly be doubted. The charge was not error for the reasons urged. That the charge may have been error because these physical injuries cannot be recovered for separately as such, but are merely shown as elements of damage to the realty in the loss of a property right in the enjoyment and use thereof, we do not decide, because the charge was not objected to for that reason. See in this connection, *Barrow v. Ga. &c. Aggregate Co.,* 103 Ga. App. 704, 709, supra; *Central Ga. Power Co. v. Nolen,* 143 Ga. 776, 778 (85 SE 945); *Jones v. Royster Guano Co.,* 6 Ga. App. 506 (65 SE 361); *Swift v. Broyles,* 115 Ga. 885 (42 SE 277, 58 LRA 390).

8. All other enumerations of error on the appeal from the overruling of a motion for a new trial are either without merit or have been abandoned.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
ARGUED JANUARY 10, 1972—DECIDED MAY 10, 1972—
REHEARING DENIED JUNE 9, 1972–

*Peek, Whaley & Haldi, Glenville Haldi, James D. Maddox,* for appellant.
*E. E. Moore, J. C. Daugherty,* for appellees.