## 55989. C. W. MATTHEWS CONTRACTING COMPANY, INC. v. WELLS.

Bell, Chief Judge.

Plaintiff brought this suit for trespass to his real property. He alleged that he was the owner of certain real property; that defendant constructed a road across his property without his knowledge or consent, thereby damaging his property; and that this property was not condemned pursuant to any governmental authority, nor did defendant compensate plaintiff for the damage incurred. Defendant answered that it was adhering to plans furnished by the Georgia State Department of Transportation at the time of the incident in question. Defendant further answered that it was compelled by its contract to construct the road in the location called for in the plans; that it was under the active supervision of the State Highway Department; and that it did not trespass

on or damage any property outside of the areas shown as right-of-way on its plans. The case was tried before a jury. Defendant's motion for directed verdict was denied. The jury returned a verdict for plaintiff and a judgment was entered. Defendant's motion for judgment notwithstanding the verdict was also denied. *Held:*

1. Plaintiff contends that defendant's conduct was a trespass under Code Ann. § 105-1401 and defendant was strictly liable without fault for this trespass. In support plaintiff cites *Brooks v. Ready Mix Concrete Co.,* 94 Ga. App. 791 (96 SE2d 213); *Berger v. Plantation Pipeline Co.,* 121 Ga. App. 362 (173 SE2d 741); and *Ledbetter Bros. v. Jenkins,* 126 Ga. App. 413 (190 SE2d 797). These cited cases all involved inherently dangerous activities, namely, blasting. Contrary to plaintiff's contention, Code Ann. § 105-1401 does not impose a blanket rule of absolute liability on all trespassers. With the exception of the situation where a party is engaged in an abnormally dangerous activity, an unintentional and nonnegligent entry onto another's land does not automatically subject an individual to liability even though the entry causes harm to the possessor. *Brand v. Montega Corp.,* 233 Ga. 32 (209 SE2d 581).

2. An affirmance of the judgment under the evidence must rest solely in the rule found in *Abercrombie v. Ledbetter Johnson Co.,* 116 Ga. App. 376 (157 SE2d 493). In *Abercrombie* we held that a contractor for the state engaged in work on a public project is not liable for damage to private property resulting from the work performed unless that damage results from the contractor's negligence or wilful tort. On appeal plaintiff has not argued for an affirmance based on negligence and correctly so as there is no evidentiary basis for holding that the damage to the land was caused by the negligence of defendant. The question then remains as to whether defendant committed a wilful tort or a wilful trespass under *Abercrombie.* A "wilful tort" implies an intent or purpose to injure. Black's Law Dictionary, 4th Ed., 1951, p. 1774. In addition, as this case is predicated solely on trespass, Georgia recognizes a distinction between a wilful trespasser, viz., one who knows that he is wrong, as against an innocent trespasser, viz., one who believes he is

right in entering the premises in question. *Tenn., Ala. &c. R. Co. v. Zugar,* 193 Ga. 386 (18 SE2d 758). The defendant in this case was an innocent trespasser. The evidence demands the conclusion that, while defendant did trespass on plaintiff's land as governmental authority had obtained no right of entry for constructing the road, he was nevertheless following plans and specifications furnished to him by the governmental authority which showed that the property involved in the construction of this road was within the state's right-of-way. Therefore, the defendant did not commit a wilful tort. Plaintiff also relies on *Gunter v. Logue,* 138 Ga. App. 868 (227 SE2d 773). The holding there does not conflict with what we hold here as the facts are distinguishable as the trespassing defendant was not a contractor engaged in public work so as to fall within the *Abercrombie* rule. Accordingly, the trial court erred in denying defendant's motion for a directed verdict and for judgment notwithstanding the verdict.

3. The holding here renders the remaining enumerations of error moot.

*Judgment reversed with direction to enter judgment for defendant. Shulman and Birdsong, JJ., concur.*

Submitted May 22, 1978 — Decided September 12, 1978 — Rehearing denied October 12, 1978 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*James B. Gordon,* for appellant.
*Cathey & Strain, Dennis T. Cathey,* for appellee.