[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12873

Non-Argument Calendar

_____

KSSR PROPERTIES, LLC,

Plaintiff-Appellant,

*versus*

BELLSOUTH TELECOMMUNICATIONS, LLC and

GOOGLE FIBER, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-02708-TCB

_____

Before WILSON, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Bellsouth Telecommunications, LLC installed an underground telecommunications conduit below a public right-of-way in Atlanta in 1954. Google Fiber Inc. installed an underground fiber optic conduit below a neighboring right-of-way in 2016. A small portion of each conduit encroaches on KSSR Properties, LLC's property.[1] KSSR discovered the conduits under its land in February 2017.

KSSR filed suit against Bellsouth and Google Fiber in 2019 for, as relevant here, trespass. Bellsouth moved for summary judgment based on an expired statute of limitations. Google Fiber moved for summary judgment on the ground that it was an innocent trespasser. The district court granted both motions.

Because the district court properly applied Georgia's statute of limitations to KSSR's claim against Bellsouth and because there is no question of material fact about Google Fiber's status as an innocent trespasser, we affirm.

I

This Court reviews de novo the grant or denial of summary judgment. *Thornton v. E.I. DuPont de Nemours & Co.*, 22 F.3d 284, 288 (11th Cir. 1994). Summary judgment is required if "the

---

[1] The encroachment is approximately 32 square feet.

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In making this determination, the court views all the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 507 (11th Cir. 2000). A dispute of fact is only "genuine" "if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

## II

First, we address Bellsouth's motion for summary judgment. There is no dispute of material fact. Rather, the dispute before us is about when the statute of limitations began to run on KSSR's claim. Georgia's statute of limitations requires: "All actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." O.C.G.A. § 9-3-30(a). At dispute in this case is the last phrase of the statute: *after the right of action accrues.*

Georgia law calculates the date of accrual based on "when the plaintiff could first have maintained his action to a successful result." *U-Haul Co. of W. Georgia v. Abreu & Robeson, Inc.*, 277 S.E.2d 497, 499 (Ga. 1981) (internal quotation omitted). When "the mere presence" of a trespass causes damage, the resulting claim "is

permanent in nature," *City of Atlanta v. Kleber*, 677 S.E.2d 134, 137 (Ga. 2009) (citation omitted), and gives "but one right of action," which accrues, at the latest, when a reasonable person would have discovered the trespass, *City Council of Augusta v. Lombard*, 28 S.E. 994, 994 (Ga. 1897). Where improper maintenance or ongoing conduct tied to the trespass causes damage, the claim "is continuing in nature," *Kleber*, 677 S.E.2d at 137, and doesn't accrue "until a plaintiff discovers or with reasonable diligence should have discovered that he was injured," *King v. Seitzingers, Inc.*, 287 S.E.2d 252, 254 (Ga. Ct. App. 1981).

KSSR's damage is from a permanent trespass. KSSR was injured by the "mere presence of the [] conduit under its property" and the added costs it incurred to work around the conduit during later construction. The existence of the conduit is the problem, then, not any continuous harm emanating from the conduit.

KSSR tries to describe its injury in terms of a continuous trespass, but to no avail. It argues that it couldn't waterproof one side of its building and that its storm water inlet is too low, both causing water leaks. Neither is a continuous nuisance. The water leaks don't themselves come from the conduit—only from its presence on the property.[2] So too, future damages in the way of limitations

---

[2] KSSR would have a new cause of action if the water leaks came from the conduit itself, not just actions KSSR took to work around the conduit. The four-year limitation period doesn't bar "an action for property damage where the instrumentality causing the damage may have existed for many years, provided *the damages sought to be recovered* accrued within four years of the

on future development options are based on the conduit's mere presence.

Because KSSR's injury is permanent, we determine when its cause of action accrued by looking to when a reasonable person would have become aware of the injury. KSSR was likely unaware of the conduit prior to 2017. KSSR's title search and survey before buying the property didn't reveal the conduit. There were no visible signs of the conduit, and Bellsouth has not performed any maintenance work on KSSR's property that would have given notice of the conduit.

But "mere ignorance of the existence of a right of action, absent the element of fraud, does not toll a statute of limitation." *Everhardt v. Rich's, Inc.*, 194 S.E.2d 425, 429 (Ga. 1972); *see also U-Haul Co. of W. Georgia*, 277 S.E.2d at 499. The prior owner of the land reasonably should have known of the conduit when Bellsouth installed it in 1954.[3] Bellsouth had a permit from the Georgia State Highway Department for the installation, and the initial construction wasn't subtle: It involved excavators and up to 12 months of construction.

It doesn't matter that KSSR is a subsequent owner of the land. "[If] the original owner would be barred from recovering . . . [t]he fact that the building was sold and the present suit is being

---

filing of the complaint." *Travis Pruitt & Assocs., P.C. v. Bowling*, 518 S.E.2d 453, 454 (Ga. Ct. App. 1999) (citation omitted) (emphasis added).

[3] KSSR purchased the property in 2000.

brought by a subsequent owner does not revive the cause of action which was barred as to the original owners." *U-Haul Co. of W. Georgia*, 277 S.E.2d at 499. As such, KSSR cannot revive a cause of action that its predecessor in interest forsook.

The statute of limitations against Bellsouth began to run when Bellsouth first installed the conduit, more than four years before KSSR brought suit. Accordingly, the district court was correct to dismiss KSSR's claim against Bellsouth as barred by the statute of limitations.

## III

Second, we address Google Fiber's motion for summary judgment. Here, the question is whether there is a dispute of material fact as to whether Google Fiber was an innocent trespasser. The district court held that there was not. We agree.

"[T]he well-established 'innocent trespasser' rule[] states that 'an unintentional and nonnegligent entry onto another's land does not automatically subject an individual to liability even though the entry causes harm to the possessor.'" *Bullard v. Bouler*, 612 S.E.2d 513, 516 (Ga. Ct. App. 2005) (citation omitted).

Georgia courts typically leave "whether [a] trespass was willful or whether the defendant meets the burden of proving he is an innocent trespasser" to the jury. *Woodstone Townhouses, LLC v. S. Fiber Worx, LLC*, 855 S.E.2d 719, 728 (Ga. Ct. App. 2021). But where "[t]he evidence demands the conclusion that" a party did not commit a willful trespass, courts have granted summary judgment

on the question.  *C.W. Matthews Contracting Co. v. Wells*, 249 S.E.2d 281, 282 (Ga. Ct. App. 1978).

In *C.W. Matthews Contracting Co.*, the Georgia court on summary judgment found no liability against the defendant trespasser because the defendant was "following plans and specifications furnished to him by the governmental authority which showed that the property involved in the construction of this road was within the state's right-of-way." *Id.*  The facts in this case are undisputed and nearly identical.  Google Fiber relied on city and county documents, basing its construction on a 50-foot right-of-way as represented by the City of Atlanta and Fulton County.  Google scaled a 50-foot right of way—10 feet on each side of a 30-foot-wide road—from Google aerials to determine the location of the right of way and used county and city GIS data to verify the location.

KSSR relies on *Woodstone Townhouses* to argue for a jury determination.  The procedural posture and facts of that case are distinguishable from those in this case.  There, it was the plaintiff moving for summary judgment, and the court found sufficient evidence for the defendant to prevent a summary finding of liability. 855 S.E.2d at 728.

No reasonable jury could find that Google willfully trespassed on KSSR's property because of its reliance on government records and physical confirmation of the conduit's location.  Accordingly, the district court was correct to grant summary judgment to Google Fiber.

## IV

For the foregoing reasons, we hold that the four-year statute of limitations bars KSSR's claim against Bellsouth.  Further, we hold that there is no question of material fact about whether Google Fiber was an innocent trespasser.  Accordingly, the district court's judgment is affirmed.

**AFFIRMED**.